**FILED**
CLERK, U.S. DISTRICT COURT

5/18/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ____CW____ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SAM FARRAR, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

WORKHORSE GROUP, INC., DUANE HUGHES, and STEVE SCHRADER,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CV 21-02072-CJC (PVCx)

**ORDER GRANTING TIMOTHY M. WEIS' UNOPPOSED MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL [Dkt. 29] AND DENYING ALL OTHER SUCH MOTIONS [Dkts. 14, 16, 20, 23, 29, 33, 37, 39, 42]**

## I. INTRODUCTION & BACKGROUND

  Plaintiff Sam Farrar brings this putative securities class action against Defendants Workhorse Group, Inc., Duane Hughes, and Steve Schrader. (Dkt. No. 1 [Complaint].) Plaintiff alleges that Workhorse issued materially false and misleading statements in various news interviews and press releases. (*Id.* ¶¶ 20–29.) Nine plaintiffs and their counsel filed motions to consolidate cases, for appointment as lead plaintiff, and for approval of lead counsel. (Dkts. 14 [Troy Musser], 16 [Charlie Wang], 20 [Trevin

McIntire], 23 [Richard A. Fox], 29 [Timothy M. Weis, hereinafter "Mot."], 33 [Cory Blank, Mihai Adrian Caluseru, Craig Calvert, Jaclyn Chan, and Roberto De Palma], 37 [Carole Cooper and Rodney Raymond Orentas], 39 [Sander Gjonaj], and 42 [Orlando Castillo and Miguel A. Chavez].) All moving plaintiffs except Timothy M. Weis then filed notices of non-opposition to the competing motions. (Dkt. 46 [Trevin McIntire], 47 [Carole Cooper and Rodney Raymond Orentas], 48 [Charlie Wang], 49 [Orlando Castillo and Miguel A. Chavez], 50 [Troy Musser], 51 [Cory Blank, Mihai Adrian Caluseru, Craig Calvert, Jaclyn Chan, and Roberto De Palma], 54 [Richard A. Fox], 55 [Sander Gjonaj], 57 [Notice by Timothy M. Weis of Concession or Withdrawal of All Previous Competing Motions].) Timothy M. Weis' motion is therefore now unopposed. For the following reasons, Timothy M. Weis's unopposed motion is **GRANTED**, and all other pending motions are **DENIED**.[1]

## II. ANALYSIS

The Court considers (1) consolidation, (2) appointment of a lead plaintiff, and (3) approval of lead counsel.

### A.    Consolidation

This case was the first lawsuit against Defendants regarding the alleged securities violations filed in the Central District of California. A second case was filed against the same Defendants alleging the same claims based on the same facts in the Central District three days later. *John Kinney, et al., v. Workhorse Group, Inc., et al*, Case No. 2:21-cv-02207-CJC-PVC (C.D. Cal. Mar. 11, 2021) ("*Kinney*").

---

[1]  Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 7, 2021, at 1:30 p.m. is hereby vacated and off calendar.

When cases before a court "involve a common question of law or fact," the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. The decision whether to consolidate cases or issue other orders under Rule 42 is left to the broad discretion of the district court. *Inv'rs Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). If there is a common question of law or fact, courts "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). "The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). "If more than one action on behalf of a class asserting substantially the same [securities claims] has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not [appoint a lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C.A. § 78u-4(a)(3)(B)(ii).

Plaintiffs seek to consolidate this case with *Kinney*. Defendants join the request to consolidate the cases. (Dkt. 53.) The Court in its discretion concludes that consolidation is appropriate. *See Inv'rs Research*, 877 F.2d at 777. The two cases involve identical Defendants and identical factual and legal questions. Substantial judicial economy and convenience will be achieved by handling the two cases together, including by holding a single jury trial (if it turns out one is needed). *See Single Chip*, 495 F. Supp. 2d at 1057. The time and effort saved outweighs any minimal inconvenience, delay, or expense doing so will cause. *See Huene*, 743 F.2d at 704. Defendants' motion for consolidation is therefore **GRANTED**.

//

## B.    Appointment of Lead Plaintiff

A plaintiff who seeks to bring a securities class action under the Private Securities Litigation Reform Act ("PSLRA") must, within 20 days of the filing of the complaint, publish a notice of the putative class action's pendency, claims, and purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i).  Any member of the purported class then has 60 days from the date on which the notice is published to file a motion to be appointed lead plaintiff. *Id.*  The Complaint in this case was filed on March 8, 2021.  That same day, a notice was published through Business Wire advising potential class members of, among other things, the claims alleged in the Complaint, the Class Period, and the 60-day deadline for class members to move to be appointed as lead counsel.  (Dkt. 31 [Declaration of Kim E. Miller, hereinafter "Miller Decl."] ¶ 5, Ex. C.)  Mr. Weis timely filed this motion for appointment as lead plaintiff.  Although 8 other plaintiffs also filed such a motions, they have all since advised that they do not oppose Mr. Weis' motion.  Mr. Weis obtained a PSLRA certification, in which he attests that he has reviewed the Complaint, adopts the allegations therein, and is willing to serve as representative of the class.  (Miller Decl. ¶ 5, Ex. A.)  Mr. Weis has therefore satisfied the notice requirements of the PSLRA.

In choosing a lead plaintiff, courts presume that the most adequate plaintiff is the person that (1) either filed the complaint or a motion in response to the publication of notice of the action, (2) has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729–30 (9th Cir. 2002) (explaining that the "presumptively most adequate plaintiff—and hence the presumptive lead plaintiff"—is "the one who has the largest financial interest in the relief sought by the class" and otherwise satisfies the requirements of Rule 23).  Mr. Weis suffered a loss of over $1.1 million on his purchases of Workhorse securities

during the class period, and "[t]o the best of his knowledge, Mr. Weis thus possesses the largest financial interest in the relief sought." (Mot. at 9; Miller Decl. ¶ 5, Ex. B.) None of the other Plaintiffs who filed motions to be appointed as lead plaintiff oppose Mr. Weis' motion.

Mr. Weis has also made a sufficient preliminary showing that he can satisfy Rule 23's typicality and adequacy requirements. *See Cavanaugh*, 306 F.3d at 730 (explaining that for purposes of appointing a lead plaintiff, the focus is only on the typicality and adequacy prongs of Rule 23(a)). A prospective lead plaintiff's claims are typical of other class members' claims when they arise from the same course of conduct that gives rise to the claims of the class members and are based on the same legal theory. *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Mr. Weis is an investor in Workhorse who seeks to bring suit on behalf of other investors who acquired securities between July 7, 2020 and February 23, 2021. The Complaint alleges that Defendants' misrepresentations have resulted in losses for those investors. These allegations make a preliminary showing that Mr. Weis' claims are typical of the claims of the other members of the investor class. (*See* Mot. at 10–11.)

A prospective lead plaintiff is "adequate" if the person does not have conflicts of interest with the proposed class. When evaluating whether a class representative is adequate, courts assess whether he has interests antagonistic to the class, and whether his counsel have the necessary capabilities and qualifications. *In re Emulex Corp.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002). There is no evidence of any conflicts of interest between Mr. Weis and other investors in Workhorse. (*See* Mot. at 11–12.) Mr. Weis' interests align with those of other class members because each member of the class purchased Workhorse securities relying on Defendants' allegedly misleading statements. And Mr. Weis has represented that he is willing and able to undertake the responsibility

of a lead plaintiff and has retained experienced lead counsel.  Accordingly, because Mr.
Weis has satisfied all three statutory elements under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), he
is designated the lead plaintiff in this case.

### C.    Approval of Lead Counsel

The PSLRA provides that once the court has selected the most adequate plaintiff,
the "most adequate plaintiff shall, subject to approval of the court, select and retain
counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  The statute grants the
Court discretionary authority to refuse to approve a lead plaintiff's selection of counsel.
*In re Cohen*, 586 F.3d 703, 709 (9th Cir. 2009).  Mr. Weis has selected Kahn Swick &
Foti, LLC as his counsel.  The Court has reviewed the firm's biography, (Miller Decl.
¶ 5, Ex. E), and approves it as lead counsel.  The firm has successfully served as counsel
in many other securities class actions and its attorneys have extensive experience in
handling large, complex litigation.

## III.  CONCLUSION

For the foregoing reasons, Timothy M. Weis' unopposed motion for consolidation
of cases, appointment as lead plaintiff, and approval of Kahn Swick & Foti, LLC as
counsel for this putative class action is **GRANTED**.  All other pending motions are
**DENIED.**  Case No. CV 21-02072-CJC is now the lead case; all future filings shall be
made in the lead case.  The Clerk is ordered to administratively close Case No. CV 21-
02207-CJC (PVCx).

DATED: May 18, 2021

_____
HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

-6-