**KAHN SWICK & FOTI, LLC**
Kim E. Miller (SBN 178370)
kim.miller@ksfcounsel.com
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

*Lead Counsel for Lead Plaintiff Timothy M. Weis,*
*Additional Plaintiff Angelo Federico, and the Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAM FARRAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WORKHORSE GROUP, INC., DUANE HUGHES, STEVE SCHRADER, ROBERT WILLISON, and GREGORY ACKERSON<br><br>Defendants. | Case No. 2:21-cv-02072-CJC-PVC<br><br>**NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Lead Plaintiff Timothy M. Weis and additional Plaintiff Angelo Frederico (collectively, "Plaintiffs"), respectfully request that in ruling on Defendants' Motion to Dismiss and Plaintiffs' opposition thereto, this Court (i) consider several documents incorporated by reference into Plaintiffs' Amended Complaint (Dkt. No. 64; the "AC") under the incorporation by reference doctrine, and (ii) otherwise take judicial notice under Rule 201 of the Federal Rules of Evidence of various publicly available documents, including court filings, press releases, and news stories.

All documents referenced are attached as exhibits to the accompanying Declaration of Kim E. Miller in Opposition to Defendants' Motion to Dismiss ("Miller Decl.").

## I.      Incorporation by Reference

At the motion to dismiss stage, Courts review "the facts plausibly alleged in the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Alphabet Sec. Litig., R.I. v. Alphabet, Inc.*, No. 20-15638, 2021 U.S. App. LEXIS 17926, at *5 (9th Cir. June 16, 2021). Incorporation by reference "treats certain documents as though they are part of the complaint itself" even if those documents were not attached to the complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document may be deemed incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* If the referenced document "forms the basis of the plaintiff's claim," extensive reference is not necessary – even a single reference would suffice to invoke the doctrine. *Id*.

Accordingly, Plaintiffs submit the following three documents, which were incorporated by reference into the AC, to be considered by the Court in ruling on Defendants' motion to dismiss: [1]

---

[1] "¶ __" refers to paragraphs in the AC.

NOTICE OF INCORPORATION BY REFERENCE
AND REQUEST FOR JUDICIAL NOTICE                                    Case No. 2:21-CV-02072-CJC-PVC

1. **Exhibit A**: a true and correct copy of excerpts of the 2019 Form 10-K filed by Defendant Workhorse Group, Inc. ("Workhorse") with the SEC on or about March 13, 2020. This document forms the basis for one of Plaintiffs' claims, as Plaintiffs allege it contains false and misleading statements about Workhorse's participation in the bidding process for the the United States Postal Service next generation delivery vehicles contract. *See* ¶¶172-174. Further, the attached excerpts pertain to the incentive compensation of Defendants Hughes and Willison in 2019, which Plaintiffs allege is evidence of scienter. A complete copy of this document is available on the SEC's EDGAR database.

2. **Exhibit B**: a true and correct copy of excerpts of Workhorse's 2020 Form 10-K filed with the SEC on or about March 1, 2021. The attached excerpts, cited in the AC, pertain to the incentive compensation of Defendants Hughes and Willison in 2019, which Plaintiffs allege is evidence of scienter. *See* ¶¶319-20. A complete copy of this document is available on the SEC's EDGAR database.

3. **Exhibit C**: a true and correct copy of a report published by Fuzzy Panda Research on October 8, 2020 entitled "The 'Brakes' Fall Off The USPS Story: Workhorse's USPS Bid has Numerous Critical Failures" (the "Fuzzy Panda Report"). The Fuzzy Panda Report is both referenced extensively throughout the AC (*see, e.g.,* ¶¶8-9, 51-52, 99-102, 127, 158, 161, 220-221, 290-295) and provides a basis for loss causation, as Plaintiffs allege it was a corrective disclosure in which the truth was partially revealed to the market. *See* ¶¶290-295.

## II.    Judicial Notice

Pursuant to Fed. R. Evid. 201, a Court takes judicial notice of a fact that is not subject to reasonable dispute if it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Matters of public record, such as filings made with regulatory entities or courts, fall within this rule. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2018) (district court properly took judicial notice of publicly available financial documents and SEC filings); *Mahoney v. Sessions*, 871 F.3d 873, 876 n.2 (9th Cir. 2017) ("We may take judicial notice of court filings."). Courts also routinely take judicial notice of press releases and news articles in reputable publications. *See Space Expl. Techs. Corp. v. Boeing Co.*, 05-07533, 2006 U.S. Dist. LEXIS 96389, at *17 n.7 (C.D. Cal. May 11, 2006) (Wall Street Journal article); *In re Netflix, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 30992, at *8 (N.D. Cal. Nov. 18, 2005) (press releases).

Accordingly, Plaintiffs request that the Court take judicial notice of the following documents in ruling on Defendants' motion to dismiss:[2]

1. **Exhibit D**: a true and correct copy of a press release published by Defendant Workhorse Group, Inc. ("Workhorse") on July 14, 2020, entitled "Workhorse Deliveries Begin as Ryder Offers the C-Series All-Electric Step Vans." This document is publicly available on Workhorse's website.

2. **Exhibit E**: a true and correct copy of a press release published by Workhorse on July 29, 2021, entitled "Workhorse Appoints Richard F.

---

[2] In the event the Court finds Exhibits A, B, and/or C are not incorporated by reference, Plaintiffs request the Court take judicial notice of them.

NOTICE OF INCORPORATION BY REFERENCE
AND REQUEST FOR JUDICIAL NOTICE                                    Case No. 2:21-CV-02072-CJC-PVC

Dauch as Chief Executive Officer." This document is publicly available on Workhorse's website and was filed with the Securities and Exchange Commission ("SEC") on Form 8-K.

3. **Exhibit F**: a true and correct copy of a press release published by Workhorse on August 9, 2021, entitled "Workhorse Group Reports Second Quarter 2021 Results." This document is publicly available on Workhorse's website, and was filed with the SEC on Form 8-K.

4. **Exhibit G**: a true and correct copy of a press release published by Workhorse on September 22, 2021, entitled "Workhorse Group Provides Update on Review of Operating and Commercialization Plans." This document is publicly available on Workhorse's website, and was filed with the SEC on Form 8-K.

5. **Exhibit H**: a true and correct copy of a press release published by Workhorse on September 30, 2021, entitled "Workhorse Group Announces Executive Leadership Appointments." This document is publicly available on Workhorse's website, and was filed with the SEC on Form 8-K on October 5, 2021.

6. **Exhibit I**: a true and correct copy of a Cincinnati Enquirer article dated October 4, 2021, entitled, "Sherrod Brown on Workhorse: Executives should focus on jobs, not 'padding their own pockets.'" This article is publicly available, and can be found online at https://www.cincinnati.com/ story/money/2021/10/04/is-workhorse-being-investigated/ 5987157001/;

7. **Exhibit J**: a true and correct copy of a Wall Street Journal article dated September 1, 2021, entitled "SEC Is Investigating Electric Delivery-Truck Maker Workhorse." This article is publicly available, and can be

NOTICE OF INCORPORATION BY REFERENCE
AND REQUEST FOR JUDICIAL NOTICE                                          Case No. 2:21-CV-02072-CJC-PVC

4

found online at https://www.wsj.com/articles/sec-is-investigating-electric-delivery-truck-maker-workhorse-11630517514.

8. **Exhibit K:** a true and correct copy of an excerpt from a report by Fuzzy Panda Research filed on September 1, 2021, entitled "Workhorse Group: Active SEC Investigation + Fake Orders + Lost to Two EVs in USPS Bid + New EVs Already Breaking Down = Glue Factory for Workhorse." The report is publicly available and can be found online at https://fuzzypandaresearch.com/workhorse-group-sec-investigation-fake-order-book/.

9. **Exhibit L:** a true and correct copy of the docket from *Workhorse Group Inc. v. United States*, No. 1:21-cv-01484 (Fed. Cl.). This docket is part of the public record and its accuracy cannot be reasonably questioned.

## III. Conclusion

Plaintiffs respectfully request this Court take notice of the documents referenced herein, which are either incorporated by reference into the AC or, pursuant to Fed. R. Evid. 201 and the precedent of this District, properly subject to judicial notice, when ruling on Defendants' motion to dismiss and Plaintiffs' opposition thereto.

Dated: October 18, 2021               **KAHN SWICK & FOTI, LLC**

                                      */s/ Kim E. Miller*
                                      Kim E. Miller (SBN 178370)
                                      *Counsel for Plaintiffs and the Class*

NOTICE OF INCORPORATION BY REFERENCE
AND REQUEST FOR JUDICIAL NOTICE                          Case No. 2:21-CV-02072-CJC-PVC

5