1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SAM FARRAR, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

WORKHORSE GROUP, INC., DUANE HUGHES, STEVE SCHRADER, ROBERT WILLISON, and GREGORY ACKERSON

Defendants.

Case No. 2:21-cv-02072-CJC-PVCx

CLASS ACTION

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Lead Plaintiff, Timothy M. Weis, Angelo Federico, and the class, and Defendants Workhorse Group, Inc., Duane Hughes, Steve Schrader, Robert Willison, and Gregory Ackerson, by and through their undersigned counsel, acknowledge and agree that discovery in this litigation will involve production of confidential, proprietary or private information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted;

WHEREAS, such information may include, among other things, trade secrets, customer and pricing lists and other valuable research, development, practices, financial, technical and/or other commercially-sensitive business information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law;

WHEREAS, accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, the parties agree that a protective order for such information is justified in this matter;

WHEREAS, it is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case;

WHEREAS, the parties acknowledge that this Stipulated Protective Order ("Order") does not confer blanket protections on all disclosures or responses to

discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and

WHEREAS, the parties further acknowledge, as set forth in Paragraph 19, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5.2.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal;

**IT IS HEREBY STIPULATED AND AGREED**, by and among undersigned counsel for the Parties, that:

1. This Order governs the use of all produced documents, responses to interrogatories and requests for admissions, deposition transcripts, deposition exhibits, and any other information, documents, objects, or things which have been or will be produced or received by any party or non-party in connection with this action, as well as any and all copies, abstracts, digests, summaries and by-products thereof. This Order does not govern the use of Confidential Discovery Material (as defined herein) at trial; any use of Confidential Discovery Material at trial shall be governed by the order of the trial judge.

2. Pursuant to Fed. R. Civ. P. 26(c), if in the course of this litigation any party or non-party undertakes to produce or is caused to disclose what they in good faith believe to be confidential information, the procedures set forth herein shall be employed and the disclosure thereof shall be subject to this Order. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Each party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

3.      Counsel to parties and non-parties may designate any documents or other information taken, given, or exchanged in the course of this litigation as "CONFIDENTIAL" when such counsel in good faith believes that such documents or other information contain non-public, confidential, proprietary or private information subject to protection under Federal Rule of Civil Procedure 26(c), the Local Rules of the United States District Court for the Central District of California, or any other applicable statute, rule, or case law.

4.      Counsel to parties and non-parties may designate any documents or other information taken, given, or exchanged in the course of this litigation as "ATTORNEYS' EYES ONLY" when such counsel in good faith believes that such documents or other information not only qualify as CONFIDENTIAL (as defined in Paragraph 3 above), but are among the information considered to be most sensitive by the party, including, but not limited to, trade secret or other confidential research, development, financial or other commercial information.

5.      All documents marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and produced by any party or non-party, any copies, summaries, presentations or compilations thereof, and all information contained therein, shall be deemed "Confidential Discovery Material" pursuant to this Order.

6.      Confidential Discovery Material shall not include information which has been produced, disclosed or made available to the public or otherwise available for public access; provided, however, that confidential compilations, summaries or presentations of information shall not be deemed to have been so produced or disclosed merely because some or all of the component data have been so produced or disclosed other than in such compilation, summary or presentation.

7.      All documents and information produced by parties or non-parties in the course of this litigation (other than information that is publicly available) shall be used by the party receiving them solely for the purpose of trial or preparation for

trial and appeal of this case, or for any alternative dispute resolution proceeding mutually agreed upon by the parties, or otherwise in connection with this litigation, and for no other purpose whatsoever.  Without limiting the foregoing, no person receiving Confidential Discovery Material shall use such Confidential Discovery Material in any other action or proceeding.

8.    Counsel for any party or non-party to this litigation shall designate documents or information as Confidential Discovery Material prior to actual production of the document or information by placing the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on every page of each document so designated or, in the case of Confidential Discovery Material disclosed in a non-paper medium (e.g., video tape, audio tape, computer disks. etc.) the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be affixed to the outside of the medium or its container or in a notation from counsel when producing such information. Any Discovery Material produced in native electronic form can be designated as Confidential Discovery Material by (1) including such designation in the body or file name of the electronic document; (2) affixing a stamp with such designation on the medium on which the electronic data is stored when copies are delivered to a receiving party or on the slip sheet image in the production that corresponds to the document; or (3) identifying such designated electronic format as Confidential Discovery Material in writing at the time of production.

9.    Any party or non-party may designate all or part of the transcript of a deposition, and all information contained therein, as Confidential Discovery Material by so indicating on the record at the deposition.  Such transcript or portion thereof shall be treated as provided by this Order for documents designated as Confidential Discovery Material. Documents that are used as exhibits already designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY shall be treated as Confidential Discovery Material within the meaning of this Order.    Any

deposition that has any portion of the transcript or exhibits designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall indicate that it contains confidential information.  All deposition transcripts shall be deemed "ATTORNEYS' EYES ONLY" until at least 30 days after the deponent or his or her counsel has received a final written deposition transcript.  Within such 30-day period, counsel for any party may notify other counsel in writing of a permanent designation (subject to the terms herein) of all or part of the transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".  A party that objects to the designations described in this paragraph shall have the rights and objections as set forth in Paragraph 17.

10.  When depositions or portions of depositions are designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", counsel shall use such Confidential Discovery Material only as provided for in this Order.  All persons present at the taking of such depositions when such Confidential Discovery Material is involved may not disclose to any other person the testimony of the deponent regarding such Confidential Discovery Material, except as permitted herein.

11.  Inadvertent failure to designate a document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be corrected by supplemental written notice given as soon as practicable.  An inadvertent failure to designate documents or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the disclosing party's right to so designate such documents or information.  As soon as the receiving party becomes aware of the inadvertent production, the documents or information must be treated as though it had been timely designated as Confidential Discovery Material under this Order, and the receiving party must endeavor in good faith to obtain all copies of the documents that it distributed or disclosed to persons not authorized to receive such information under the terms of this Order, as well as any copies made by such persons.  If the receiving party does not obtain the return of all such documents or information, it

shall inform the disclosing party of those to whom the Confidential Discovery Material has been disclosed and the disclosing party may undertake to obtain the return of the Confidential Discovery Material.

12.    The attorneys of record in this litigation are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of documents produced by any party or non-party. Confidential material subject to this Order, including all copies, extracts, and summaries thereof and all documents containing information taken therefrom, shall remain in the custody of counsel and shall not be provided to other persons except as necessary to prepare for trial or appeal of this action pursuant to Paragraphs 13 and 14.

13.    A party that has received Confidential Discovery Materials marked "CONFIDENTIAL" from any other party or non-party may only disclose such material to:

  a.  Lead or class representative plaintiffs in this litigation;

  b.  Defendants in this litigation, including officers, directors, and employees of Workhorse.

  c.  Outside and in-house counsel for the parties, including such counsel's paralegals, secretarial and clerical personnel who are working on this litigation;

  d.  Service vendors of in-house and outside counsel for the Parties engaged in one or more aspects of copying, organizing, filing, coding, converting, translating, storing or retrieving data or designing programs for handling data connected with the action, to the extent reasonably necessary to render such services;

  e.  Authors, addressees, and recipients of the Confidential Discovery Material;

f.  A witness at a deposition, hearing, and/or trial only to the extent necessary to give their testimony; witnesses shown Confidential Discovery Material shall not be allowed to retain copies, nor shall the witnesses' counsel;

g.  Consultants and experts and their staff who are directly employed or retained in connection with this action by counsel for the Parties for assistance with respect to this action, to the extent that such disclosure is necessary for the preparation of this case for trial or appeal;

h.  Mediators, arbitrators, or discovery masters retained by the Parties or assigned by this Court, and their direct support personnel;

i.  The Court in this action or any other court to which any appeal from this litigation may be taken, and any authorized Court personnel;

j.  Court reporters, including stenographers and video technicians transcribing proceedings in this action; and

k.  Any person or entity that counsel for each party agrees in writing, after conferring in good faith, should have access to Confidential Discovery Material or who, upon motion with good cause shown, the Court orders may have access.

14.   A party that has received Confidential Discovery Materials marked "ATTORNEYS' EYES ONLY" from any other party or non-party may only disclose such material to the persons described in subparagraphs 13(c) – 13(k).

15.   In addition to the limitations specified in Paragraph 13, Confidential Discovery Material may be disclosed to the persons described in Paragraph 13 only to the extent necessary for purposes of this action, and each person described in

subparagraphs 13(d), 13(f), and 12(g) shall, prior to such disclosure, first have signed the Acknowledgement and Consent attached hereto as Exhibit A. Each such executed counterpart of Exhibit A shall be maintained by counsel making the disclosure to such person and shall be made available to opposing counsel upon request until the expiration of one year following final termination of this action.

16.     Counsel for any party shall have the right to exclude from attending any oral depositions any person who is not authorized by this Order to receive documents or information designated as confidential information. Such right of exclusion shall be applicable only during periods of deposition examination or deposition testimony directed to or comprising confidential information.

17.     Any party to this Order may challenge the designation of documents or information as Confidential Discovery Material. By failing to object to the designation of information upon its production, a party does not waive its right to object at a future time, so long as the timing of said objection is consistent with the Court's Scheduling Order. The challenging party shall initiate the dispute resolution process under Local Rule 37.1 et seq. The burden of persuasion in any such challenge proceeding shall be on the producing party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the producing party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

18.     If any party intends to offer Confidential Discovery Material in open court, such party will provide reasonable advanced notice of the Confidential Discovery Material to be so used, so that the producing party has the opportunity to request that the Court take steps to prevent public disclosure.

19.     If any party intends to file Confidential Discovery Material, such party will comply with the notice requirements and follow the procedures set forth in Local Rule 79-5.2.2.  Pursuant to Local Rule 79-5.2.2, only upon proper application and permission from the Court shall documents be submitted to the Court "Under Seal." If a party's request to file Confidential Discovery Material under seal is denied by the Court, then the information may be filed in the public record unless otherwise instructed by the Court.

20.     The terms of this Order shall in no way affect the right of any party or non-party (a) to withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege, work product or privacy rights of third parties, or (b) to raise or assert any objections heretofore or hereafter raised or asserted, including but not limited to defenses or objections with respect to the use, relevance or admissibility at trial of any evidence, whether or not comprised of information or documents furnished subject hereto.

21.     The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

        a.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

        b.  If a producing party gives notice to a receiving party that seeks the return or destruction of privileged and/or protected materials ("Claw Back Materials"), the receiving party shall, except as provided in Paragraph 19(c) below: (i) refrain from any further

use or disclosure of the Claw Back Materials; (ii) make a good faith effort to return the Claw Back Materials and any copies thereof (including notes, summaries, excerpts, and all other work product of the receiving party) to counsel for the producing party. or destroy all such Claw Back Materials (including notes, summaries, excerpts, and all other work product of the receiving party) and certify in writing to that fact; and (iii) not use the Claw Back Materials for any purpose pending further order of the Court.

c.   The party receiving such Claw Back Materials may, after receipt of the producing party's notice, move the Court for an order compelling production of the Claw Back Materials, and when doing so may include and discuss the Claw Back Materials as an exhibit to the motion, provided that any discussion or disclosure of the Claw Back Materials is filed under seal pursuant to the terms of this Order. While such an application is pending, the Claw Back Materials in question shall not be used by the receiving party other than to challenge their designation as Claw Back Materials. In the event that a party receives information produced in discovery from another party that the receiving party knows or reasonably should know to be privileged or protected. the receiving party shall promptly notify the producing party in writing of the apparently inadvertent production.

22.   If information designated Confidential Discovery Material in this action is called for in a subpoena, document demand, or other similar legal process in another proceeding, the party to whom the subpoena or other process is directed shall, to the extent permitted by law, give written notice, as promptly as practicable, to each person that has designated the information as Confidential Discovery

Material and shall object to the production of such information on the grounds of the existence of this Order.  The producing party shall bear all responsibility for any objections to the production of such Confidential Discovery Material, except that the party receiving any subpoena or other process shall not voluntarily make any production of another party's Confidential Discovery Materials until resolution of any objections interposed by the producing party, unless compelled or otherwise required by law.

23.   The burden of opposing the enforcement of the subpoena or document demand shall fall upon the person or entity that designated the information being sought as Confidential Discovery Material.  Nothing herein shall be construed as requiring the recipient or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information designated as Confidential Discovery Material covered by this Order, or to subject himself or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

24.   Any person not a party to this action from whom discovery is sought may obtain the benefits of this Order by signing, or having duly authorized counsel sign, a copy of this Order and giving notice thereof to counsel for the parties.  Any documents, deposition testimony, and other information produced by such non-party and designated as Confidential Discovery Material shall be treated accordingly.

25.   Nothing in this Order shall prevent a party from any use of his, her, or its own Confidential Discovery Material for any purpose.

26.   Within sixty (60) days after the final determination of this action (including all appeals), all Confidential Discovery Material produced by any party or non-party and all copies thereof shall be returned to the disclosing party or shall be discarded in a manner designated to prevent the information from being disclosed unless electronic copies of such materials have been saved on back-up tapes or in an

archive and it would be commercially unreasonable to return or discard them. This provision excludes only attorney-generated memoranda and pleadings which may be retained by counsel to the receiving party and which shall remain subject to all other restrictions of this Order, including the restriction that Confidential Discovery Material be used solely for the purpose of litigating this action. In either event, the receiving party shall certify the return or destruction of all such information.

27.    The Court retains jurisdiction during and (to the extent necessary to enforce Paragraph 28 hereof) after final disposition of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the parties.

28.    All parties to the action agree to be bound by the terms of this Order pending the entry by the Court of this Order, or an alternative thereto which is satisfactory to the parties and the Court, and any violation of the terms of this Order while entry by the Court is pending shall be subject to the same sanctions and penalties as if this Order had been entered by the Court. Any violation of the terms of this Order shall be punishable by relief deemed appropriate by the Court.

29.    Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: January 18, 2022

_____
Hon. Pedro V. Castillo
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Exhibit A

## DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

I, declare under penalty of perjury (this "Declaration") that:

1.   My address is _____ _

2.   My present employer is _____ _

3.   My present occupation or job description is _____ _

4.   I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order for Discovery (the "Order") relating to this Action *Farrar v. Workhorse Grp., Inc., et al.*, Case No. 2:21-cv-2072-CJC-PVC (the "Action"), as specified in the signature pages of the Order. All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order.  I further certify that I will not use Confidential Material for any purpose other than this Action and will not disclose or cause Confidential Material to be disclosed to anyone not expressly permitted by the Order to receive Confidential Material.  I agree to be bound by the terms and conditions of the Order.

5.   I understand that I am to retain in confidence from all individuals not expressly permitted to receive Confidential Material, whether at home or at work, all copies of any Confidential Material, and that I will carefully maintain such materials in a manner consistent with the Order.  I acknowledge that the return or destruction of Confidential Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.   I acknowledge and agree that I am aware that by receiving Confidential Material (a) I may be receiving material non-public information about companies that issue securities.  And (b) there exist laws, including federal securities laws, that

may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7. I understand that my failure to abide by the terms of the Order entered in the Action will subject me, without limitation, to sanctions or penalties for contempt of Court and other remedies as the Court may deem appropriate.

8. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Date: _____

Signature:


_____
Print Name and Title if any: