SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN P. STIGI III, Cal. Bar No. 208342
jstigi@sheppardmullin.com
BRIDGET J. RUSSELL, Cal. Bar No. 288107
brussell@sheppardmullin.com
GIAN A. RYAN, Cal. Bar. No. 334599
gryan@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:   310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendants WORKHORSE GROUP, INC., DUANE HUGHES, STEVE SCHRADER, ROBERT WILLISON, and GREGORY ACKERSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM FARRAR, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WORKHORSE GROUP, INC., DUANE HUGHES, STEVE SCHRADER, ROBERT WILLISON and GREGORY ACKERSON,<br><br>Defendants. | Case No. 2:21-cv-02072-CJC-PVC<br><br>**ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW** |

-1-

Defendants Duane Hughes ("Hughes"), Steve Schrader ("Schrader"), Robert Willison ("Willison") and Gregory Ackerson ("Ackerson") (the "Individual Defendants"), and Workhorse Group, Inc. ("Workhorse" or the "Company"), by and through their attorneys of record, answer the Amended Complaint for Violation of Federal Securities Law ("FAC") of lead plaintiff Timothy M. Weis and additional plaintiff Angelo Federico, and admit, deny and allege as follows:

## I.   INTRODUCTION

1.    Defendants lack sufficient information to admit or deny whether plaintiffs have personal knowledge of any of the allegations, whether their counsel's investigation included the review and analysis alleged in paragraph 1 of the FAC or whether counsel's investigation is continuing and on that basis deny those allegations. Defendants deny the remaining allegations in paragraph 1 of the FAC

2.    Defendants admit that the FAC purports to allege claims for securities fraud and seeks damages on behalf of certain putative class members.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 2 of the FAC.

## II.   OVERVIEW

3.    To the extent that paragraph 3 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that Willison was interviewed on the Supply Chain Innovation podcast on August 17, 2020.  Defendants further admit that the quoted language in paragraph 3 of the FAC is an accurate excerpt from the podcast, but expressly deny plaintiffs' editorialization of that statement, and respectfully refer the Court to that podcast, which is publicly available online, for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 3 of the FAC.

4.    Defendants admit that Workhorse's stock price rose from $2.50 per share at the start of the putative class period to a high of over $40 per share during the putative class period.  Defendants lack sufficient information to admit or deny why

-2-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

Workhorse's stock increased from the start of the putative class period. Except as expressly admitted, defendants deny the remaining allegations in paragraph 4 of the FAC.

5.    Defendants admit that the Individual Defendants and members of Workhorse's Board of Directors (the "Board") sold stock during the putative class period as reported in the Form 4s filed by the Company with the Securities and Exchange Commission ("SEC") and expressly incorporated by plaintiffs into the FAC (the "Form 4s"). Defendants further admit that the Individual Defendants did not sell any stock prior to the putative class period, or after the United States Postal Service (the "USPS") announced it was not awarding the Next Generation Delivery Vehicle ("NGDV") contract to Workhorse until the end of the putative class period. Except as expressly admitted, defendants deny the remaining allegations in paragraph 5 of the FAC.

6.    Defendants admit that during the putative class period Workhorse's trucks were assembled using an assembly line that operated, in part, on wooden work benches. Defendants further admit that Workhorse's agreements with customers contain typical terms and conditions. Defendants lack sufficient information to admit or deny whether USPS decided early on that the NGDV contract would not be awarded to Workhorse, but deny the suggestion that the USPS informed Workhorse that it would not be awarded the contract prior to the USPS's February 23, 2021 press release awarding the contract to Oshkosh Defense ("Oshkosh"). Except as expressly admitted, defendants deny the remaining allegations in paragraph 6 of the FAC.

7.    To the extent that paragraph 7 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants otherwise deny the allegations in paragraph 7 of the FAC.

8.    Defendants admit that, on October 8, 2020, prior to the opening of the market, anonymous blogger and shortseller *Fuzzy Panda* posted an article, entitled "The 'Brakes" Fall Off The USPS Story: Workhorse's USPS Bid Has Numerous

-3-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

Critical Failures." Defendants admit that *Fuzzy Panda* made allegations regarding Workhorse in that article and respectfully refer the Court to that article, linked to the FAC, for the full contents thereof. To the extent paragraph 8 of the FAC sets forth allegations concerning what *Fuzzy Panda* allegedly had its investigators do, what they allegedly saw or what unnamed sources purportedly said to *Fuzzy Panda's* investigators, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. To the extent that paragraph 8 of the FAC sets forth allegations concerning anonymous statements by and/or the results of purported investigations of Workhorse posted in the *Fuzzy Panda* article, defendants deny each and every such allegation. Except as expressly admitted, defendants deny the remaining allegations in paragraph 8 of the FAC.

9. Defendants lack sufficient information to admit or deny whether the article from anonymous blogger and shortseller *Fuzzy Panda* or the news and media outlets reception thereof affected Workhorse's stock. Defendants admit that on October 8, 2020, Bloomberg published an article entitled "Workhorse Shares Shrug Off Short-Seller Report's Allegations." Defendants further admit that the quoted language in paragraph 9 of the FAC is an accurate excerpt from the article, but expressly deny plaintiffs' editorialization of that excerpt and the article generally, and respectfully refer the Court to the article, which is available online, for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 9 of the FAC.

10. Defendants admit that, on February 23, 2021, the USPS announced that it was awarding the NGDV contract to Oshkosh. Defendants lack sufficient information to admit or deny the effect of the USPS's announcement on analysts following Workhorse, whether Wolfe Research made the statements alleged in paragraph 10 of the FAC or why it made the statements alleged in paragraph 10 of the

-4-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

FAC.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 10 of the FAC.

11.   Defendants admit that Hughes, Willison, H. Benjamin Samuels ("Samuels") and Gerlad B. Budde ("Budde") sold stock as reported in the Form 4s. Defendants further admit that the stock dropped from $31.34 per share at close on February 22, 2021 to $16.46 per share at close on February 23, 2021.  Defendants lack sufficient information to admit or deny how the USPS's announcement affected Workhorse's investors.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 11 of the FAC.

12.   Defendants lack sufficient information to admit or deny how the USPS's announcement affected Workhorse's investors or Workhorse's stock.  Defendants also lack sufficient information to admit or deny whether BTIG, Colliers International or Roth Capital made the statements alleged in paragraph 12 of the FAC or why they made the statements alleged in paragraph 12 of the FAC.  Except as expressly noted, defendants deny the remaining allegations in paragraph 12 of the FAC.

13.   Defendants admit that Workhorse held an earnings call on May 10, 2021, in which Schrader stated that Workhorse had produced 38 trucks as of May 10, 2021 and delivered 6 during the Q1:21.  Defendants respectfully refer the Court to the transcript of that call on file with the SEC for the full contents thereof.  Defendants further admit that Workhorse's stock price fell from $9.64 per share at close on May 9, 2021 to $8.20 per share at close on May 10, 2021.  Defendants lack sufficient information to admit or deny why Workhorse's stock fell on May 10, 2021.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 13 of the FAC.

14.   Defendants admit that Workhorse filed a complaint against the USPS in the United States Court of Federal Claims, entitled *Workhorse Group Inc. v. United States*, Case No. 1:21-cv-01484 (the "Federal Claims Complaint"), which contains allegations related to the USPS NGDV contract, and respectfully refer the Court to

-5-

the Federal Claims Complaint [Dkt. No. 73-1] for the full contents thereof. Defendants also admit that the quotations in paragraph 14 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally. Defendants further admit that, *after* awarding the NGDV contract to Oskhosh, in response to Workhorse's formal Section 601.107 disagreement, the USPS revealed, for the first time, how it had evaluated Workhorse, and cited several alleged, and theretofore undisclosed, reasons why it had not awarded the NGDV contract to Workhorse. Defendants additionally admit that on one occasion during the putative class period the USPS identified alleged weaknesses with Workhorse's proposal and on two occasions the USPS posed questions to Workhorse related thereto, to which Workhorse responded in full. Except as expressly admitted, defendants deny the remaining allegations in paragraph 14 of the FAC.

15. Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof. Defendants also admit that the quotations in paragraph 15 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally. Defendants further admit that *after* awarding the NGDV contract to Oskhosh, in response to Workhorse's formal Section 601.107 disagreement, the USPS revealed to Workhorse, for the first time, that the USPS ranked Workhorse lowest among the bidders in Technical Ranking and Best Value Ranking. Except as expressly admitted, defendants deny the remaining allegations in paragraph 15 of the FAC.

16. Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof. Defendants also admit that the quotations in paragraph 16 of the FAC are accurate excerpts from the Federal Claims

-6-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally. Defendants further admit that they submitted a formal Section 601.107 disagreement to the USPS award decision and that the USPS responded. Defendants lack sufficient information to admit or deny what post-award conclusions the USPS came to, if any, as a result of the allegations in this action, but deny the suggestion that the USPS informed Workhorse that it would not be awarded the contract prior to the USPS's February 23, 2021 press release awarding the contract to Oshkosh. Except as expressly admitted, defendants deny the remaining allegations in paragraph 16 of the FAC.

### III.   JURISDICTION AND VENUE

17.    To the extent that paragraph 17 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that plaintiffs purport to bring claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and 17 C.F.R. § 240.10b-5 ("Rule 10b5-1"). Except as expressly admitted, defendants deny the remaining allegations in paragraph 17 of the FAC.

18.    To the extent that paragraph 18 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that plaintiffs purport to invoke the Court's jurisdiction pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1331. Except as expressly admitted, defendants deny the remaining allegations in paragraph 18 of the FAC.

19.    To the extent that paragraph 19 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 19 of the FAC.

20.    To the extent that paragraph 20 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that plaintiffs purport to invoke this Court's venue pursuant to Section 27 of the Exchange Act, 15

-7-

U.S.C. § 78aa(c), and 28 U.S.C. § 1391(b).  Except as expressly admitted, defendants deny the remaining allegations in paragraph 20 of the FAC.

21.   Defendants deny the allegations in paragraph 21 of the FAC.

## IV.   PARTIES

22.   Defendants admit that lead plaintiff filed a certification stating that he purchased the Company's securities during the putative class period.  Defendants lack sufficient information to admit or deny the accuracy of that certification.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 22 of the FAC.

23.   Defendants admit that additional plaintiff Angelo Federico filed a certification stating that he purchased the Company's securities during the putative class period.  Defendants lack sufficient information to admit or deny the accuracy of that certification.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 23 of the FAC.

24.   Defendants admit that Workhorse is a technology company that engages in the development and manufacture of electric delivery vehicles.  Defendants also admit that Workhorse is incorporated in Nevada and maintains its principal executive offices at 100 Commerce Drive, Loveland, Ohio 45140.  Defendants further admit that the Company's shares are listed on NASDAQ under the ticker symbol "WKHS."  Except as expressly admitted, defendants deny the remaining allegations in paragraph 24 of the FAC.

25.   Defendants admit that Hughes served as Chief Executive Officer ("CEO"), President and Director of the Company throughout the putative class period and that, from January 2015 until he became CEO in February 2019, he was Workhorse's President and Chief Operating Officer ("COO").  Defendants also admit that while he was COO, Hughes participated in quarterly earnings calls and signed the 2018 agreement between Workhorse and UPS attached as an exhibit to Workhorse's May 30, 2018 Form 8-K.  Defendants further admit that Code F

-8-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

dispositions were made as to shares held by Hughes during the putative class period and that Hughes sold stock during the putative class period, as reported in the Form 4s.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 25 of the FAC .[1]

26.  Defendants admit that Schrader served as the Chief Financial Officer ("CFO") of the Company throughout the putative class period and that he became CFO of Workhorse in December 2019.  Defendants admit that Code F dispositions were made as to shares held by Schrader during the putative class period and that Schrader sold stock during the putative class period, as reported in the Form 4s. Defendants Workhorse, Hughes, Willison and Ackerson lack sufficient information to admit or deny why Schrader left his former position as CFO of Fuyao Glass American Inc.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 26 of the FAC.[2]

27.  Defendants admit that Willison served as COO of the Company throughout the putative class period and that he was Workhorse's Director of Research and Development from July 2016 until June 2018.  Defendants also admit that Willison was not employed by the Company from June 2018 until February 2019 when he was hired as COO.  Defendants further admit that Code F dispositions were made as to shares held by Willison during the putative class period and Willison sold

---

[1]  To the extent that footnote 1 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit the remaining allegations in footnote 1 of the FAC.

[2]  To the extent that footnote 2 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit the remaining allegations in footnote 2 of the FAC.

-9-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

stock during the putative class period, as reported in the Form 4s. Except as expressly admitted, defendants deny the remaining allegations in paragraph 27 of the FAC.[3]

28.    Defendants admit that Ackerson served as Chief Accounting Officer and Controller of Workhorse throughout the putative class period, that he joined Workhorse in April 2018 and that he began signing Workhorse's 10-Ks and 10-Qs starting in March 2020. Defendants also admit that Code F dispositions were made as to shares held by Schrader during the putative class period and that Ackerson sold stock during the putative class period, as reported in the Form 4s. Except as expressly admitted, defendants deny the remining allegations in paragraph 28 of the FAC.[4]

29.    Defendants admit that plaintiffs purport to collectively refer to defendants Hughes, Schrader, Willison and Ackerson as the "Individual Defendants."

30.    To the extent that paragraph 30 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that Hughes, Schrader and Willison participated in Workhorse's earnings calls throughout the putative class period and that Hughes, Schrader and Ackerson signed Workhorse's quarterly and annual reports during the putative class period. Defendants further admit that during the putative class period Schrader was interviewed by the media, including those that operate via the YouTube platform. Except as expressly admitted, defendants deny the remaining allegations in paragraph 30 of the FAC.

31.    To the extent that paragraph 31 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that, during the putative class period, each of the Individual Defendants was privy to confidential

---

[3]    To the extent that footnote 3 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit the remaining allegations in footnote 3 of the FAC.

[4]    To the extent that footnote 4 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants otherwise admit the remaining allegations in footnote 4 of the FAC.

-10-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

proprietary information concerning the Company and its business and operations. Except as expressly admitted, defendants deny the remaining allegations in paragraph 31 of the FAC.

32.     To the extent that paragraph 32 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 32 of the FAC.

33.     To the extent that paragraph 33 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 33 of the FAC.

34.     Defendants admit that plaintiffs purport to collectively refer to Workhorse and the Individual Defendants as the "Defendants."

## V.     SUBSTANTIVE ALLEGATIONS[5]

35.     Defendants admit the allegations in paragraph 35 of the FAC.

36.     Defendants admit the allegations in paragraph 36 of the FAC.

37.     Defendants admit that Workhorse is headquartered in Loveland, Ohio, and operates a facility in Union City, Indiana, where Navistar International previously assembled chassis for trucks and mobile homes and that Workhorse referred to the Union City facility as a factory in the caption of the YouTube video linked in footnote 6 of the FAC.  Defendants respectfully refer the Court to that video for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 37 of the FAC.

**A.     Workhorse Pursues Futile Bid for the USPS NGDV Contract**

38.     Defendants lack sufficient information to admit or deny what unnamed media sources reported regarding the NGDV contract and on that basis deny those allegations in paragraph 38 of the FAC.  Defendants otherwise admit the allegations in paragraph 38.

---

[5] Defendants admit that plaintiffs have added emphasis to various quotations.

SMRH:4871-8957-2871.1

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

39.     To the extent paragraph 39 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that the NGDV program included two phases: the prototype phase and the production phase. Defendants Shrader, Willison and Ackerson lack sufficient information to admit or deny the remaining allegations in paragraph 39 of the FAC because they were not employed at Workhorse during the time period of those allegations and, on that basis, deny those allegations.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 39 of the FAC.

40.     Defendants Schrader and Ackerson lack sufficient information to admit or deny the allegations in paragraph 40 of the FAC because they were not employed at Workhorse during the time period of those allegations and, on that basis, deny those allegations.  Defendants Hughes, Willison and Workhorse admit that Workhorse partnered with VT Hackney, which, along with five other prime contractors, had been awarded a NGDV prototype contract, to design and manufacture six NGDV prototypes for USPS testing.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 40 of the FAC.

41.     Defendants admit that, on November 6, 2019, Workhorse announced it had purchased VT Hackney's right to bid on the NGDV contract for approximately $7 million.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 41 of the FAC.

42.     Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof.  Defendants further admit that the quotations in paragraph 42 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally.  Defendants otherwise admit the allegations in paragraph 42 of the FAC.

-12-

43.  Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof.  Defendants further admit that the quotations in paragraph 43 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally.  Defendants otherwise admit the allegations in paragraph 43 of the FAC.

44.  Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof.  Defendants further admit that the quotations in paragraph 44 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally.  Defendants otherwise admit the allegations in paragraph 44 of the FAC.

45.  Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof.  Defendants further admit that the quotations in paragraph 45 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally.  Defendants otherwise admit the allegations in paragraph 45 of the FAC.

46.  Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof.  Defendants further admit that the quotations in paragraph 46 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally.  Defendants otherwise admit the allegations in paragraph 46 of the FAC.

-13-

47.    Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof.  Defendants further admit that the quotations in paragraph 47 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally.  Defendants otherwise admit the allegations in paragraph 47 of the FAC.

48.    Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof.  Defendants further admit that the quotations in paragraph 48 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 48 of the FAC.

49.    Defendants Schrader and Ackerson lack sufficient information to admit or deny the allegations in paragraph 49 of the FAC because they were not employed at Workhorse during the time period of those allegations and, on that basis, deny those allegations.  Defendants Hughes, Willison and Workhorse admit that, in September 2017, Workhorse and VT Hackney delivered their NGDV prototypes to the USPS for testing.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 49 of the FAC.

50.    To the extent paragraph 50 sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants Schrader and Ackerson lack sufficient information to admit or deny the remaining allegations in paragraph 50 of the FAC because they were not employed at Workhorse during the time period of those allegations and, on that basis, deny those allegations.

-14-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

Defendants Hughes, Willison and Workhorse admit that Prefix Corporation was a subcontractor on the NGDV prototype contract. Except as expressly admitted, defendants deny the remaining allegations in paragraph 50 of the FAC.

51. Defendants Schrader and Ackerson lack sufficient information to admit or deny the allegations in paragraph 51 of the FAC because they were not employed at Workhorse during the time period of those allegations and, on that basis, deny those allegations. Defendants admit that the article by anonymous blogger and shortseller *Fuzzy Panda* made allegations regarding Workhorse and respectfully refer the Court to that article for the full contents thereof. To the extent paragraph 51 of the FAC sets forth allegations concerning what *Fuzzy Panda* allegedly had its investigators do, what they allegedly saw or what unnamed sources purportedly said to *Fuzzy Panda's* investigators, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. To the extent that paragraph 51 of the FAC sets forth allegations concerning anonymous statements by and/or the results of purported investigations of Workhorse posted in the *Fuzzy Panda* article, defendants deny each and every such allegation. Defendants admit that neither Workhorse nor the USPS commented on the *Fuzzy Panda* article. Except as expressly admitted, defendants deny the remaining allegations in paragraph 51 of the FAC.

52. Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof. Defendants also admit that the quotations in paragraph 52 of the FAC – excepting the quoted language "inside source" – are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally. Defendants further admit that the article by anonymous blogger and short seller *Fuzzy Panda* made allegations regarding Workhorse and respectfully refer the Court to that article for the full contents thereof. To the extent paragraph 52 of the

-15-

FAC sets forth allegations concerning what *Fuzzy Panda* allegedly had its investigators do, what they allegedly saw or what unnamed sources purportedly said to *Fuzzy Panda's* investigators, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. To the extent that paragraph 52 of the FAC sets forth allegations concerning anonymous statements by and/or the results of purported investigations of Workhorse posted in the *Fuzzy Panda* article, defendants deny each and every such allegation. Defendants Schrader and Ackerson lack sufficient information to admit or deny the remaining allegations in paragraph 52 of the FAC because they were not employed at Workhorse during the time period of those allegations and, on that basis, deny those allegations. Except as expressly admitted, defendants deny the remaining allegations in paragraph 52 of the FAC.

53. Defendants admit that after the prototype testing phased completed in December 2019, the USPS commenced the production phase by publishing a Request for Proposals for the production of the NGDV vehicles, and that all contractors who had completed prototype testing were eligible to submit proposals by July 14, 2020. Defendants further admit that Code F dispositions were made as to shares held by Hughes and Raymond. J. Chess ("Chess") as reported in the Form 4s, and that Willison sold Workhorse stock as reported in the Form 4s. Except as expressly admitted, defendants deny the remaining allegations in paragraph 53 of the FAC.

54. Defendants admit that, on September 3, 2020, the USPS sent Workhorse a 3-page document identifying issues with and questions regarding Workhorse's proposal and that, on September 25, 2020, Workhorse responded with a detailed, 99-page document. Defendants also admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof. Defendants further admit that the quotations in paragraph 54 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and

-16-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

the Federal Claims Complaint generally. Except as expressly admitted, defendants deny the remaining allegations in paragraph 54 of the FAC.

55. Defendants admit that, on October 21, 2020, the USPS sent Workhorse a document identifying questions regarding Workhorse's proposal that related to cost breakdown and maintenance, to which Workhorse responded on October 28, 2020. Except as expressly admitted, defendants deny the remaining allegations in paragraph 55 of the FAC.

56. Defendants admit that Workhorse was subject to a non-disclosure agreement with the USPS (the "NDA"), which prevented it from sharing any non-public information regarding the contract or the bidding process. Defendants further admit that Hughes announced that Workhorse was under the NDA during each earnings call held during the putative class period. Defendants lack sufficient information to admit or deny how Hughes' statements regarding the NDA were interpreted by the public. Except as expressly admitted, defendants deny the remaining allegations in paragraph 56 of the FAC.

57. Defendants admit that Workhorse held an earnings call on May 6, 2020 in which Schrader participated and respectfully refer the Court to the transcript of that call on file with the SEC for the full contents thereof. Defendants further admit that the quotations in paragraph 57 of the FAC are accurate excerpts from that call, but expressly deny plaintiffs editorialization of those excerpts and the call generally. Except as expressly admitted, defendants deny the remaining allegations in paragraph 57 of the FAC.

58. Defendants admit the allegations in paragraph 58 of the FAC.

59. To the extent that paragraph 59 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that on January 27, 2021, Schrader was interviewed by Simranpal Singh on his YouTube channel and respectfully refer the Court to the video of that interview, linked in the FAC, for the full contents thereof. Defendants also admit that on January 28, 2021, Schrader was

-17-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

interviewed by Jack Spencer on his YouTube channel and respectfully refer the Court to the video of that interview, linked in the FAC, for the full contents thereof. Defendants further admit that the block quotations in paragraph 59 of the FAC are accurate excerpts from those interviews, but expressly deny plaintiffs' editorialization of those excerpts and the interviews generally.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 59 of the FAC.

60.    Defendants admit that Workhorse's stock closed at $34.32 per share on January 29, 2021, which represented an increase of over $10 per share in a one-week time period.  Defendants lack sufficient information to admit or deny whether Workhorse's stock increased due to Schrader's statements.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 60 of the FAC.

61.    Defendants admit that Hughes, Willison, Ackerson, Samuels and Budde sold Workhorse stock as reported on the Form 4s.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 61 of the FAC.

62.    Defendants admit that Budde and Samuels sold Workhorse stock as reported on the Form 4s.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 62 of the FAC.

63.    To the extent that paragraph 63 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants Schrader, Willison, Ackerson and Workhorse lack sufficient information to admit or deny what information Hughes possessed or plaintiffs' speculation regarding his beliefs and actions, and on that basis deny those allegations in paragraph 63 of the FAC. Defendants Schrader, Hughes, Ackerson and Workhorse lack sufficient information to admit or deny what information Willison possessed or plaintiffs' speculation regarding his beliefs and actions, and on that basis deny those allegations in paragraph 63 of the FAC.  Defendants deny the remaining allegations in paragraph 63 of the FAC.

64.    Defendants admit the allegations in paragraph 64 of the FAC.

-18-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

65.     Defendants admit that Workhorse's stock opened at $28.29 on February 23, 2021, went down to an intra-day low of $12.50 per share and closed at $16.43 a share.  Defendants lack sufficient information to admit or deny why Workhorse's stock decreased on February 23, 2021.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 65 of the FAC.

66.     To the extent that paragraph 66 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that, on February 24, 2021, Workhorse issued a press release acknowledging the USPS's already-public NGDV award decision, and respectfully refer the Court to that press release, available online, for the full contents thereof.  Defendants further admit that the block quotation in paragraph 66 of the FAC is an accurate excerpt from that press release, but expressly deny plaintiffs' editorialization of that except and the press release generally.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 66 of the FAC.[6]

67.     Defendants admit that, on February 25, 2021, the Board authorized annual stock option grants to each of the Individual Defendants, as well as to each member of Workhorse's Board for their services for the year ending December 31, 2021.  Defendants  respectfully refer the Court to Workhorse's March 10, 2021 Form 10-Q for the full contents thereof.  Defendants also admit that the value of the stock options was set at $15.13 per share – Workhorse's closing price on February 24, 2021.  Defendants further admit that the Individual Defendants did not sell any stock from February 2, 2021 until the end of the putative class period.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 67 of the FAC.

68.     Defendants admit that, on March 3, 2021, Workhorse met with the USPS to discuss the NGDV award and the USPS's process.  Defendants also admit that the

---

[6] To the extent that footnote 10 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants respectfully refer the Court to the contents of 69 FR 15594 for the full contents thereof.

-19-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof.  Defendants further admit that the quotation in paragraph 68 of the FAC is an accurate excerpt from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of that excerpt and the Federal Claims Complaint generally.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 68 of the FAC.

69.    Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof.  Defendants further admit that the quotation in paragraph 69 of the FAC is an accurate excerpt from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of that excerpt and the Federal Claims Complaint generally.  Defendants otherwise admit that allegations in paragraph 69 of the FAC.

70.    Defendants admit that, on March 22, 2021, the USPS responded to Workhorse's formal Section 601.107 disagreement, revealing, for the first time, how it evaluated Workhorse and citing several alleged, and theretofore undisclosed, reasons why it had not awarded the NGDV contract to Workhorse.  Defendants also admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof.  Defendants further admit that the quotations in paragraph 70 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 70 of the FAC.

71.    Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof.  Defendants also admit that the

quotations in paragraph 71 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally.  Defendants further admit that, *after* awarding the NGDV contract to Oskhosh, in response to Workhorse's formal Section 601.107 disagreement, the USPS revealed, for the first time, how it had evaluated Workhorse and cited several alleged, and theretofore undisclosed, reasons why it had not awarded the NGDV contract to Workhorse.  Defendants lack sufficient information to admit or deny what the USPS was concerned about at the time it made the NGDV contract award or how it considered or viewed Workhorse at that time, but deny the suggestion that the USPS informed Workhorse that it would not be awarded the contract prior to the USPS's February 23, 2021 press release awarding the contract to Oshkosh.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 71 of the FAC.

72.    Defendants admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof.  Defendants also admit that the quotations in paragraph 72 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally.  Defendants admit that, *after* awarding the NGDV contract to Oskhosh, in response to Workhorse's formal Section 601.107 disagreement, the USPS revealed, for the first time, how it had evaluated Workhorse, and cited several alleged reasons why it had not awarded the NGDV contract to Workhorse.  Defendants further admit that on one occasion during the putative class period the USPS identified alleged weaknesses with Workhorse's proposal and on two occasions the USPS posed questions to Workhorse related thereto, to which Workhorse responded in full.  Defendants lack sufficient information to admit or deny what post-award conclusions the USPS came to, if any, as a result of the allegations

-21-

in this action.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 72 of the FAC.

**B.      Workhorse Creates a Fictitious 'Backlog' of Vehicle Orders**

73.     Defendants admit that, on May 30, 2018, Workhorse issued a press release filed on Form 8-K announcing that it and UPS had entered into an amendment to the parties' prior agreement and attaching that amendment (the "UPS Agreement"). Defendants respectfully refer the Court to the Form 8-K on file with the SEC for the full contents thereof.   Defendants otherwise admit the remaining allegations in paragraph 73 of the FAC.

74.     Defendants admit the allegations in paragraph 74 of the FAC.

75.     Defendants admit that, on May 30, 2018, Workhorse issued a press release filed on Form 8-K announcing that it and UPS had entered into an amendment to the parties' prior agreement, and attaching the UPS Agreement.   Defendants respectfully refer the Court to the Form 8-K on file with the SEC for the full contents thereof.  Defendants admit that the quotations in paragraph 75 of the FAC are accurate excerpts from the UPS Agreement, but expressly deny plaintiffs' editorialization of those excerpts.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 75 of the FAC.

76.     Defendants admit that Hughes signed the UPS Agreement as COO of Workhorse.   Hughes admits that he was familiar with the details of that agreement. Workhorse, Schrader, Willison and Ackerson lack sufficient information to admit or deny whether Hughes was familiar with the details of that agreement.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 76 of the FAC.

77.     Defendants admit that UPS issued a 2019 Corporate Sustainability Progress Report in which UPS stated:  "[i]n Q1 2020, we also announced a significant investment in the U.K. based startup Arrival, which will expand our fleet to include an additional 10,000 all-electric vehicles."  Defendants respectfully refer the Court to

-22-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

that report, linked in the FAC, for the full contents thereof.  Defendants further admit that that report does not mention Workhorse.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 77 of the FAC.

78.    Defendants admit that:  (1) Workhorse held a May 6, 2020 earnings call in which Schrader participated; (2) Workhorse held an August 10, 2020 earnings call in which Hughes participated; (3) Workhorse held a November 9, 2020 earnings call in which Hughes participated; and (6) Workhorse held a March 1, 2021 earnings call in which Hughes participated.  Defendants admit that the quotations in paragraph 78 of the FAC from the above-referenced sources are accurate excerpts therefrom, but expressly deny plaintiffs' editorialization of those excerpts.  Defendants respectfully refer the Court to the transcripts of each earnings call on file with the SEC for the full contents thereof.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 78 of the FAC.

79.    Defendants lack sufficient information to admit or deny how Workhorse appeared as a result of the UPS order referenced in paragraph 73 of the FAC.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 79 of the FAC.

80.    To the extent that paragraph 80 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that, on July 23, 2020, Workhorse issued a press release stating that it had received an order of 20 trucks from eTrucks and respectfully refer the Court to that press release, available online, for the full contents thereof.  Defendants further admit that Hughes's quoted statement in paragraph 80 of the FAC is an accurate excerpt from that press release, but expressly deny plaintiffs' editorialization of that excerpt or the press release generally.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 80 of the FAC.

81.    Defendants admit that eTrucks articles of organization were signed by Brian Carr and filed with the Ohio Secretary of State on June 22, 2020.  To the extent

-23-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

paragraph 50 sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 81 of the FAC.

82.    Defendants admit that the eTrucks website cited in paragraph 81 of the FAC is registered to a British Indian Ocean Territory domain and respectfully refer the Court to that website.  Defendants lack sufficient information to admit or deny what the website appears to be according to plaintiffs or whether eTrucks has any other "online presence." Except as expressly admitted, defendants deny the remaining allegations in paragraph 82 of the FAC.

83.    Defendants admit that the order with eTrucks remains outstanding. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 83 of the FAC.

84.    Defendants lack sufficient information to admit or deny how the creation of eTrucks appears to plaintiffs.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 84 of the FAC.

85.    To the extent that paragraph 85 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that, on November 9, 2020, Workhorse issued a press release stating that it had received an order of 500 trucks from Pritchard Companies and respectfully refer the Court to that press release, available online, for the full contents thereof.  Defendants further admit that Hughes' quoted statement in paragraph 85 of the FAC is an accurate excerpt from that press release, but expressly deny plaintiffs' editorialization of that excerpt and the press release generally. Except as expressly admitted, defendants deny the remaining allegations in paragraph 85 of the FAC.

86.    Defendants lack sufficient information to admit or deny whether Workhorse's public statements related to Pritchard are unclear to plaintiffs.

-24-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

Defendants admit that Workhorse held an earnings call on May 10, 2021 in which Schrader participated and respectfully refer the Court to the transcript of that call on file with the SEC for the full contents thereof.  Defendants further admit that the quoted language in paragraph 86 of the FAC is an accurate excerpt from that call, but expressly deny plaintiffs' editorialization of that excerpt.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 86 of the FAC.

87.    To the extent that paragraph 87 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that, on January 4, 2021, Workhorse issued a press release stating that it had received an order for 6,320 C-Series all-electric delivery vehicles from Pride Group Enterprises and respectfully refer the Court to that press release, available online for the full contents thereof.  Defendants further admit that the quotation and Hughes's quoted statement in paragraph 87 of the FAC are accurate excerpts from the press release, but expressly deny the plaintiffs' editorialization of those excerpts and the press release generally.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 87 of the FAC.

88.    Defendants admit that the January 4, 2021 press release – which contains quotes from both Hughes and Pride's CEO Sam Johal – was the only press release issued regarding the purchase order referenced in paragraph 87 of the FAC and that it was not posted on Pride's website.  Defendants further admit that, while the website PrideTruckSales.com does not reference Workhorse or how one could acquire a Workhorse vehicle, the website PrideEV.com does.  Defendants respectfully refer the Court to the press release and those websites, available online, for the full contents thereof.  Defendants lack sufficient information to admit or deny what the facts alleged in paragraph 88 of the FAC indicate to plaintiffs.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 88 of the FAC.

89.    Defendants admit that Workhorse continues to have a backlog of nearly 8,000 diverse customer orders confirmed with standard vehicle purchase agreements

-25-

that include typical terms and conditions. Except as expressly admitted, defendants deny the remaining allegations in paragraph 89 of the FAC.

**C.  Like its Sister Company Lordstown Motors, Workhorse Has No Ability to Manufacturer Vehicles at Scale**

90.  Defendants admit, on November 7, 2019, Workhorse issued a press release filed on Form 8-K announcing that it had entered into a transaction with Lordstown Motors Corporation ("LMC") pursuant to which it granted LMC an intellectual property license related to W-15 electric pickup truck in exchange for a 1% royalty of the gross sales of the first 200,000, a 10% non-dilutive equity interest in LMC and other consideration. Defendants further admit that the LMC licensing agreement was referenced in Workhorse's 10-Ks and 10-Qs during the putative class period and that it was mentioned in Workhorse's earnings calls during the putative class period. Defendants respectfully refer the Court to the Form 8-K on file with the SEC, as well as the 10-Ks, 10-Qs and transcripts of earnings call on file with the SEC, for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 90 of the FAC.

91.  Defendants admit that Workhorse held an earnings call on August 10, 2020 in which Hughes participated and respectfully refer the Court to the transcript of that earnings call on file with the SEC for the full contents thereof. Defendants further admit that Hughes's quoted statement in paragraph 91 of the FAC is an accurate excerpt from that call, but expressly deny plaintiffs' editorialization of the excerpt. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 91 of the FAC. Except as expressly admitted, defendants deny the remaining allegations in paragraph 91 of the FAC.

92.  Defendants admit that LMC announced that it had entered into definitive merger agreement with DiamondPeak, through which the combined company would be listed on the NASDAQ stock exchange under the new ticker symbol "RIDE." Defendants also admit that, based on the valuation of LMC in the DiamondPeak

-26-

merger, Workhorse valued its 10% stake in LMC at $285 million. Defendants further admit that, on July 13, 2021, the New York Times posted an article about LMC and the DiamondPeak merger and respectfully refer the Court to that article, linked in the FAC, for the full contents thereof. Defendants additionally admit that Workhorse held an earnings call on March 1, 2021 and respectfully refer the Court to the transcript of that earnings call for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 92 of the FAC.

93.     Defendants lack sufficient information to admit or deny the allegations in paragraph 93 of the FAC, and respectfully refer the Court to the various articles linked and the lawsuit cited in the FAC for the full contents thereof. Defendants deny the remaining allegations in paragraph 93 of the FAC.

94.     Defendants lack sufficient information to admit or deny whether Lordstown had the capacity to mass produce the Endurance. Defendants deny the remaining allegations in paragraph 94 of the FAC.

95.     To the extent paragraph 95 sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants admit that during the putative class period Workhorse's trucks were assembled using an assembly line that operated, in part, on wooden work benches. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 95 of the FAC.

96.     To the extent paragraph 96 sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants admit that during the putative class period Workhorse's trucks were assembled using an assembly line that operated, in part, on wooden work benches. Except as expressly

-27-

denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 96 of the FAC.

97.    To the extent paragraph 97 sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants admit that Mr. Carr is involved in eTrucks, a company that placed an order of 20 Workhorse trucks in July 2020.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 97 of the FAC.

98.    To the extent paragraph 98 sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants deny the remaining allegations in paragraph 98 of the FAC.

99.    Defendants admit that, on October 8, 2020, anonymous blogger and shortseller *Fuzzy Panda* posted an article that made allegations regarding Workhorse, and respectfully refer the Court to that article for the full contents thereof.  To the extent paragraph 99 of the FAC sets forth allegations concerning what *Fuzzy Panda* allegedly had its investigators do, what they allegedly saw or what unnamed sources purportedly said to *Fuzzy Panda's* investigators, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 99 of the FAC.

100.    Defendants admit that, on October 8, 2020, anonymous blogger and shortseller *Fuzzy Panda* posted an article that made allegations regarding Workhorse, and respectfully refer the Court to that document for the full contents thereof.  To the extent paragraph 100 sets forth allegations concerning what *Fuzzy Panda* allegedly had its investigators do, what they allegedly saw or what unnamed sources

-28-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

purportedly said to *Fuzzy Panda's* investigators, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly admitted, defendants deny the remaining allegations in paragraph 100 of the FAC.

101. Defendants admit that, on April 8, 2020, Workhorse posted video on its YouTube channel and respectfully refer the Court to that video, linked in the FAC, for the full contents thereof. Defendants further admit that during the putative class period Workhorse's trucks were assembled using an assembly line that operated, in part, on wooden work benches. Except as expressly admitted, defendants deny the remaining allegations in paragraph 101 of the FAC.

102. To the extent paragraph 102 sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. To the extent paragraph 102 of the FAC sets forth allegations concerning what *Fuzzy Panda* allegedly had its investigators do, what they allegedly saw or what unnamed sources purportedly said to *Fuzzy Panda's* investigators, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants admit that during the putative class period Workhorse's trucks were assembled using an assembly line that operated, in part, on wooden work benches. Except as expressly admitted, defendants deny the remaining allegations in paragraph 102 of the FAC.

103. Defendants admit that Workhorse maintained 300-400 trucks as its production target for 2020 until November 9, 2020. Defendants lack sufficient information to admit or deny plaintiffs' generalized characterization of alleged assurances statements made by the Individual Defendants. Ackerson denies that he ever made any assurances to investors regarding production capabilities. Except as

SMRH:4871-8957-2871.1

expressly admitted, defendants deny the remaining allegations in paragraph 103 of the FAC.

104. To the extent paragraph 104 of the FAC sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants deny the remaining allegations in paragraph 104 of the FAC.

105. To the extent paragraph 105 of the FAC sets forth allegations concerning what former employees of Workhorse believed or what they purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 105 of the FAC.

106. Defendants admit that, on November 9, 2020, Workhorse issued a Press Release filed on Form 8-K sating that it would not meet its previous 2020 production target of 300-400 vehicles due to issues with its primary battery supplier and COVID-19 related staffing issues. Defendants respectfully refer the Court to the Form 8-K on file with the SEC for the full contents thereof. Defendants also admit that Workhorse held an earnings call on November 9, 2020, in which Schrader stated that Workhorse had delivered seven trucks in Q3:20, and respectfully refer the Court to the transcript of that call on file with the SEC for the full contents thereof. Defendants further admit that Schrader's quoted statement in paragraph 106 of the FAC is an accurate excerpt from that call, but expressly deny plaintiffs' editorialization of that excerpt. Defendants lack sufficient information to admit or deny why Workhorse's stock price began to rise thereafter. Except as admitted, defendants deny the remaining allegations in paragraph 106 of the FAC.

107. Paragraph 107 contains a graphic to which defendants need not respond.

-30-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

## VI.   RULE 10b-5(a) AND (c) SCHEME LIABILITY

108.   To the extent that paragraph 108 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 108 of the FAC.

**A.   The USPS Contract**

109.   Defendants Schrader and Ackerson lack sufficient information to admit or deny the allegations in paragraph 109 of the FAC that predate their employment and, on that basis, deny those allegations.  Defendants Hughes, Willison and Workhorse admit that Workhorse partnered with VT Hackney to manufacture prototypes for the NGDV contract.  Defendants further admit that Workhorse then purchased VT Hackney's right to bid on the NGDV contract for $7 million.  Defendants lack sufficient information to admit or deny whether VT Hackney believed it had a chance of securing the contract.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 109 of the FAC.

110.   To the extent that paragraph 110 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  To the extent paragraph 110 sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants Schrader and Ackerson lack sufficient information to admit or deny the allegations in paragraph 51 of the FAC that predate their employment and, on that basis, deny those allegations.  Defendants Hughes, Willison and Workhorse admit that Prefix Corporation was a subcontractor on the NGDV prototype contract.  Defendants lack sufficient information to admit or deny what impression they created from their participation in the NGDV bid process.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 110 of the FAC.

-31-

111. To the extent that paragraph 111 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants Schrader and Ackerson lack sufficient information to admit or deny the allegations in paragraph 51 of the FAC that predate their employment and, on that basis, deny those allegations. Defendants Workhorse, Hughes and Willison admit that, in Spring 2018, one of the prototypes submitted by VT Hackney and Workhorse rolled down a hill due to an error made by the USPS driver. Defendants admit that on one occasion during the putative class period the USPS identified alleged issues with Workhorse's proposal and on two occasions posed questions to Workhorse related thereto, to which Workhorse responded in full. Defendants further admit that *post-awarding the NGDV contract to Oshkosh*, the USPS cited the roll-away incident as one of the reasons it did not award the NGDV contract to Workhorse. Defendants lack sufficient information to admit or deny whether USPS knew after the roll-away incident that it would not select the Workhorse prototype, but deny the suggestion that the USPS informed Workhorse that it would not be awarded the contract prior to the USPS's February 23, 2021 press release awarding the contract to Oshkosh. Except as expressly admitted, defendants deny the remaining allegations in paragraph 111 of the FAC.

112. Defendants admit that only four of the six contractors that submitted prototypes submitted proposals in July 2020, and that Workhorse was one of them. Defendants lack sufficient information to admit or deny why the other two contractors withdrew. Defendants also admit that Workhorse's stock price was rising during July 2020. Defendants further admit that Code F dispositions were made as to shares held by Hughes and Chess as reported in the Form 4s, and that Willison sold Workhorse stock as reported in the Form 4s. Except as expressly admitted, defendants deny the remaining allegations in paragraph 112 of the FAC.

113. Defendants admit that Workhorse was subject to a NDA, which prevented it from sharing any non-public information regarding the NGDV contract

-32-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

or the bidding process.  Defendants also admit that Hughes announced that Workhorse was under the NDA and was only able to provide information which was already in the public domain during each of the earnings calls held during the putative class period.  Defendants lack sufficient information to admit or deny how Hughes' statements regarding the NDA were interpreted by the public.  Defendants further admit that Schrader commented positively on President Biden's January 25, 2021 remarks in favor of electric vehicles generally in interviews with Simranpal Singh and Jack Spencer, on January 27, 2021 and January 28, 2021, respectively, and respectfully refer the Court to those interviews for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 113 of the FAC.

114.   To the extent that paragraph 114 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that Workhorse held an earnings call on May 6, 2020 in which Schrader participated and respectfully refer the Court to the transcript of that call on filed with the SEC for the full contents thereof.  Defendants also admit that the quotations in paragraph 114 of the FAC are accurate excerpts from that call, but expressly deny plaintiffs editorialization of those excerpts and the call generally.  Defendants further admit that Workhorse produced less than 20 trucks in 2020.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 114 of the FAC.

115.   Defendants admit the allegations in paragraph 115 of the FAC.

116.   Defendants admit that Schrader was interviewed by Simranpal Singh, on January 27, 2021, and Jack Spencer, on January 28, 2021, and respectfully refer the Court to the videos of those interviews for the full contents thereof.  Defendants further admit that Workhorse's stock rose to a close of $34.32 per share on January 29, 2021, which represented an increase of over $10 per share over the week.  Defendants further admit that the quotations in paragraph 116 of the FAC are accurate excerpts from those interviews, but expressly deny plaintiffs' editorialization of those

-33-

excerpts and the interviews generally. Defendants lack sufficient information to admit or deny why Workhorse's stock climbed over the week prior to January 29, 2021. Except as expressly admitted, defendants deny the remaining allegations in paragraph 116 of the FAC.

117. To the extent that paragraph 117 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that Hughes, Willison, Samuels, Ackerson and Budde sold Workhorse stock as reported on the Form 4s. Defendants further admit that on October 29, 2020, Schrader was interviewed by Benzinga and that the quoted language in paragraph 117 of the FAC is an accurate excerpt from that interview. Defendants respectfully refer the Court to the video of that interview, available online, for the full contents thereof. Defendants lack sufficient information to admit or deny the alleged beliefs or statements of unnamed analysts. Workhorse and each of the Individual Defendants lack sufficient information to admit or deny plaintiffs' speculation as to what information the other Individual Defendant possessed or plaintiffs' speculation regarding their beliefs and actions, and on that basis deny those allegations in paragraph 117 of the FAC. Except as expressly admitted, defendants deny the remaining allegations in paragraph 117 of the FAC.

118. Defendants admit the allegations in paragraph 118 of the FAC.

119. Defendants admit Workhorse's stock opened at $28.29 on February 23, 2021, went down to an intra-day low of $12.50 per share and closed at $16.43 a share. Defendants lack sufficient information to admit or deny why Workhorse's stock decreased on February 23, 2021. Except as expressly admitted, defendants deny the remaining allegations in paragraph 119 of the FAC.

120. Defendants admit that, on February 24, 2021, Workhorse issued a press release regarding the NGDV contact award and respectfully refer the Court to that press release for the full contents thereof. Defendants also admit that the quotation in paragraph 120 of the FAC is an accurate excerpt from that press release, but expressly

-34-

deny plaintiffs' editorialization of that except and the press release generally. Defendants further admit that Workhorse met with the USPS, on March 3, 2021, to request further information about why Workhorse was not selected as an awardee of the NGDV contract and was informed that its prototype was rated less favorably than the Oskhosh prototype on the Technical Evaluation Factors. Defendants lack sufficient information to admit or deny whether any of defendants made the quoted statement in paragraph 120 of the FAC after the March 3 meeting because plaintiffs fail to allege which of the Individual Defendants allegedly made the statement, when it was made and in what forum it was made. Ackerson denies that he ever made that statement. Except as expressly admitted, defendants deny the remaining allegations in paragraph 120 of the FAC.

121. Defendants admit that on June 16, 2021, Workhorse filed the Federal Claims Complaint. Defendants also admit that the Federal Claims Complaint contains allegations related to the USPS NGDV contract and respectfully refer the Court to the Federal Claims Complaint for the full contents thereof. Defendants further admit that the quotations in paragraph 121 of the FAC are accurate excerpts from the Federal Claims Complaint, but expressly deny plaintiffs' editorialization of those excerpts and the Federal Claims Complaint generally. Defendants additionally admit that, *after* awarding the NGDV contract to Oskhosh, in response to Workhorse's formal Section 601.107 disagreement, the USPS revealed, for the first time, how it had evaluated Workhorse and cited several alleged, and theretofore undisclosed, reasons why it had not awarded the NGDV contract to Workhorse. Defendants lack sufficient information to admit or deny whether USPS decided early on that the NGDV contract would not be awarded, but deny the suggestion that the USPS informed Workhorse that it would not be awarded the contract prior to the USPS's February 23, 2021 press release awarding the contract to Oshkosh. Defendants additionally admit that the USPS purported to have ranked Workhorse's proposal last and Oshkosh's proposal

-35-

first.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 121 of the FAC.

122.  Defendants admit that, on September 3, 2020, the USPS sent Workhorse a 3-page document identifying issues with and questions regarding Workhorse's proposal.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 122 of the FAC.

123.  To the extent that paragraph 123 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 123 of the FAC.

**B.    Production Targets**

124.  To the extent that paragraph 124 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that during the putative class period Workhorse set production targets and Hughes and Schrader and Willison, as specifically detailed in Workhorse's press releases, earnings calls and Form 8-Ks, updated investors regarding the production targets and answered questions from analysts with respect thereto.  Defendants respectfully refer the Court to the various press releases, earnings call transcripts and Form 8-Ks cited herein for the full contents thereof.  Defendants lack sufficient information to admit or deny why Workhorse's stock reacted on any given day during the putative class period.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 124 of the FAC.

125.  Defendants admit that, on March 10, 2020, Workhorse issued a press release filed on Form 8-K and respectfully refer the Court to that press release, available online, for the full contents thereof.  Defendants also admit that Workhorse held an earnings call on March 10, 2020 in which Hughes participated, and respectfully refer the Court to the transcript of that call on file with the SEC for the full contents thereof.  Defendants further admit that the quotations in paragraph 125 of the FAC are accurate excerpts from that press release and call, but expressly deny

-36-

plaintiffs' editorialization of those excerpts. Except as expressly admitted, defendants deny the remaining allegations in paragraph 125 of the FAC.

126. Defendants admit that: (1) Workhorse held an earnings call on May 6, 2020 in which Hughes participated; (2) Schrader was interviewed by Benzinga on July 21, 2020; (3) Workhorse published a press release on August 10, 2020; (4) Workhorse held an earnings call on August 10, 2020 in which Schrader participated; (5) Schrader was interviewed by Jack Spencer on August 14, 2020; (6) Schrader was interviewed on October 15, 2020 by TD Ameritrade Live; and (7) Schrader was interviewed by Benzinga on October 29, 2020. Defendants further admit that the quotations in paragraph 126 of the FAC are accurate excerpts from those calls, press releases and interviews, but expressly deny plaintiffs' editorialization of those excerpts. Defendants respectfully refer the Court to those press releases, transcripts and interviews, on file with the SEC or available online, for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 126 of the FAC.

127. To the extent that paragraph 127 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that during the putative class period Workhorse's trucks were assembled using an assembly line that operated, in part, on wooden work benches. To the extent paragraph 127 of the FAC sets forth allegations concerning what *Fuzzy Panda* allegedly had its investigators do, what they allegedly saw or what Workhorse employees purportedly said to *Fuzzy Panda's* investigators, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. To the extent that paragraph 127 of the FAC sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted shortsellers of Workhorse's stock posted in the *Fuzzy Panda* article, defendants deny each and every such allegation. Defendants respectfully refer the Court to the *Fuzzy Panda* article for the full contents thereof. To the extent paragraph

-37-

127 of the FAC sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly admitted, defendants deny the remaining allegations in paragraph 127 of the FAC.

128. Defendants lack sufficient information to admit or deny whether the analysts identified made the statements alleged in paragraph 128 of the FAC or why they made the statements alleged in paragraph 128 of the FAC. Except as expressly admitted, defendants deny the remaining allegations in paragraph 128 of the FAC.

129. To the extent that paragraph 129 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that, on November 9, 2020, Workhorse issued a press release filed on Form 8-K in which it lowered Workhorse's previous 2020 production target and referenced COVID-19-related labor shortages and supply chain issues as two of the factors affecting Workhorse's ability to meet the previous production target. Defendants respectfully refer the Court to that Form 8-K on file with the SEC for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 129 of the FAC.

130. Defendants admit that, on November 9, 2020, Workhorse issued a press release filed on Form 8-K in which it lowered Workhorse's previous 2020 production target and referenced COVID-19-related labor shortages and supply chain issues as two of the factors affecting Workhorse's ability to meet the previous production target. Defendants respectfully refer the Court to that Form 8-K on file with the SEC for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 130 of the FAC.

131. Defendants admit that Schrader was interviewed by TD Ameritrade on October 1, 2020 and by Benzinga on October 29, 2020, and that in both interviews he confirmed Workhorse's 2020 production target. Defendants respectfully refer the

-38-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

Court to the videos of those interviews, available online, for the full contents thereof. Defendants Workhorse, Hughes, Willison and Ackerson lack sufficient information to confirm or deny what Schrader knew at the time he conducted those interviews. Except as expressly admitted, defendants deny the remaining allegations in paragraph 131 of the FAC.

132. Defendants admit that Workhorse held an earnings call on November 9, 2020 in which Hughes and Schrader participated and respectfully refer the Court to the transcript of that call on file with the SEC for the full contents thereof. Defendants also admit that the Hughes's and Schrader's quoted statements in paragraph 132 of the FAC are accurate excerpts from that call, but expressly deny plaintiffs' editorialization of those excerpts and the call generally. Defendants further admit that Schrader was interviewed by Jack Spencer on November 14, 2020 and that his quoted statement in paragraph 132 of the FAC is an accurate excerpt from that interview. Defendants respectfully refer the Court to the video of that interview, available online, for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 132 of the FAC.

133. Defendants admit that: (1) Schrader was interviewed by Jack Spencer on November 14, 2020; (2) Schrader was interviewed by Simranpal Singh on January 27, 2021; and (3) Schrader was interviewed by Jack Spencer on January 28, 2021. Defendants further admit that the quotations in paragraph 133 of the FAC are accurate excerpts from those interviews, but expressly deny plaintiffs' editorialization of those excerpts and the interviews generally. Defendants respectfully refer the Court to the videos of those interviews, either linked in the FAC or available online, for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 133 of the FAC.

134. Defendants admit that Workhorse held an earnings call on March 1, 2021 in which Hughes and Schrader participated. Defendants further admit that the block quotations in paragraph 134 of the FAC are accurate excerpts from that call, but

-39-

expressly deny plaintiffs' editorialization of those excerpts and the call generally. Defendants respectfully refer the Court to the transcript of that call on file with the SEC for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 134 of the FAC.

135.  Defendants admit that Workhorse held an earnings call on May 10, 2021 in which Schrader stated that Workhorse had produced 38 trucks as of May 10, 2021 and delivered 6 trucks during Q1:21.  Defendants respectfully refer the Court to the transcript of that call on file with the SEC for the full contents thereof.  Defendants further admit that Workhorse's stock closed at $8.20 per share on May 10, 2021. Defendants lack sufficient information to admit or deny the reason why Workhorse's stock declined on May 10, 2021.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 135 of the FAC.

**C.    The Purported "Backlog"**

136.   To the extent that paragraph 136 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that during the putative class period Workhorse announced each time that it received a customer order for its vehicles and that Hughes and Schrader, as specifically detailed in Workhorse's press releases, earnings calls and Form 8-Ks, updated investors regarding the status of those orders and answered questions from analysts with respect thereto.  Defendants respectfully refer the Court to the various press releases, earnings call transcripts and Form 8-Ks, available online or on file with the SEC, cited herein for the full contents thereof.  Defendants further admit that Workhorse's agreements with customers contain typical terms and conditions.  Defendants lack sufficient information to admit or deny why Workhorse's stock reacted on any given day during the putative class period.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 136 of the FAC.

137.  Defendants admit that, on May 30, 2018, Workhorse issued a press release filed on Form 8-K announcing that it and UPS had entered into an amendment

-40-

to the parties' prior agreement and attaching that amendment (referred to above and herein as the "UPS Agreement"). Defendants respectfully refer the Court to the Form 8-K on file with the SEC for the full contents thereof. Defendants otherwise admit the remaining allegations in paragraph 137 of the FAC.

138. Defendants admit that, on May 30, 2018, Workhorse issued a press release filed on Form 8-K announcing that it and UPS had entered into an amendment to the parties' prior agreement, and attaching the UPS Agreement. Defendants respectfully refer the Court to the Form 8-K on file with the SEC for the full contents thereof. Defendants admit that the quotations in paragraph 138 of the FAC are accurate excerpts from the UPS Agreement, but expressly deny plaintiffs' editorialization of those excerpts. Except as expressly admitted, defendants deny the remaining allegations in paragraph 138 of the FAC.

139. Defendants admit that Hughes signed the UPS Agreement as COO of Workhorse. Hughes admits that he was familiar with the details of that agreement. Workhorse, Schrader, Willison and Ackerson lack sufficient information to admit or deny whether Hughes was familiar with the details of that agreement. Except as expressly admitted, defendants deny the remaining allegations in paragraph 139 of the FAC.

140. Defendants admit that, on March 1, 2020, Workhorse issued a Form 10-K reporting on its performance in 2019. Defendants further admit that the quotation alleged in paragraph 140 of the FAC is an accurate excerpt of that Form 10-K. Defendants respectfully refer the Court to that Form 10-K for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 140 of the FAC.

141. Defendants admit that UPS issued a 2019 Corporate Sustainability Progress Report in which UPS stated: "[i]n Q1 2020, we also announced a significant investment in the U.K. based startup Arrival, which will expand our fleet to include an additional 10,000 all-electric vehicles." Defendants further admit that that report

-41-

does not mention Workhorse. Except as expressly admitted, defendants deny the remaining allegations in paragraph 141 of the FAC.

142. Defendants admit that: (1) Workhorse held an earnings call on March 10, 2020 in which Hughes participated; (2) Workhorse held a May 6, 2020 earnings call in which Schrader participated; (3) Schrader was interviewed by Benzinga on July 21, 2020; (3) Workhorse held an August 10, 2020 earnings call in which Hughes participated; (4) Willison was interviewed by the Supply Chain Innovation podcast on August 17, 2020; (5) Workhorse held a November 9, 2020 earnings call in which Hughes participated; and (6) Workhorse held a March 1, 2021 earnings call in which Hughes participated. Defendants further admit that the quotations in paragraph 142 of the FAC are accurate excerpts of these calls and interviews, but expressly deny plaintiffs' editorialization of those excerpts. Defendants respectfully refer the Court to the transcripts of those calls, the video of the interview and the podcast, on file with the SEC or available online, for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 142 of the FAC.

143. Defendants lack sufficient information to admit or deny plaintiffs' speculation as to how Workhorse appeared, whether the identified analysts made the statements alleged in paragraph 143 of the FAC or why they made the statements in paragraph 143 of the FAC. Except as expressly admitted, defendants deny the remaining allegations in paragraph 143 of the FAC.

144. Defendants lack sufficient information to admit or deny plaintiffs' speculation regarding the behavior of the analysts allegedly quoted in paragraph 143 of the FAC. Except as expressly admitted, defendants deny the remaining allegations in paragraph 144 of the FAC.

145. Defendants admit that Workhorse's agreements with customers – several of which were entered into during the putative class period – contain typical terms and conditions. Except as expressly admitted, defendants deny the remaining allegations in paragraph 145 of the FAC.

-42-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

146.    To the extent that paragraph 146 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that, on July 23, 2020, Workhorse issued a press release stating that it had received an order of 20 trucks from eTrucks, and respectfully refers the Court to that press release, available online, for the full contents thereof.  Defendants also admit that eTrucks articles of organization were filed with the Ohio Secretary of State on June 22, 2020.  Defendants further admit that the order with eTrucks remains outstanding.  Defendants lack sufficient information to admit or deny how the creation of eTrucks appears to plaintiffs.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 146 of the FAC.

147.    To the extent that paragraph 85 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that, on November 9, 2020, Workhorse issued a press release stating that it had received an order of 500 trucks from Pritchard Companies and respectfully refer the Court to that press release, available online, for the full contents thereof.  Defendants further admit that Schrader's quoted statement in paragraph 85 of the FAC is an accurate excerpt from that press release, but expressly deny plaintiffs' editorialization of that excerpt and the press release generally. Except as expressly admitted, defendants deny the remaining allegations in paragraph 85 of the FAC.

148.    Defendants admit that Workhorse held an earnings call on November 9, 2020 in which Hughes participated and respectfully refer the Court to the transcript of that call on file with the SEC for the full contents thereof.  Defendants further admit that the block quotations in paragraph 148 of the FAC are accurate excerpts from that call.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 148 of the FAC.

149. Defendants lack sufficient information to admit or deny whether Workhorse's public statements related to Pritchard are unclear to plaintiffs. Defendants admit that Workhorse held an earnings call on May 10, 2021 in which

-43-

Schrader participated and respectfully refer the Court to the transcript of that call on file with the SEC for the full contents thereof. Defendants further admit that the quoted language in paragraph 149 of the FAC is an accurate excerpt from that call, but expressly deny plaintiffs' editorialization of that excerpt. Except as expressly admitted, defendants deny the remaining allegations in paragraph 149 of the FAC.

150. Defendants lack sufficient information to admit or deny plaintiffs' speculation as to how Workhorse appeared, whether analysts made the statements alleged in paragraph 150 of the FAC or why they made the statements in paragraph 150 of the FAC. Except as expressly admitted, defendants deny the remaining allegations in paragraph 150 of the FAC.

151. Defendants deny the allegations in paragraph 151 of the FAC.

152. To the extent that paragraph 152 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that, on January 4, 2021, Workhorse issued a press release that it had received an order for 6,320 C-Series all-electric delivery vehicles from Pride Group Enterprises and respectfully refer the Court to that press release, available online, for the full contents thereof. Defendants further admit that the quotation and Hughes's quoted statement in paragraph 152 of the FAC are accurate excerpts from the press release, but expressly deny the plaintiffs' editorialization of those excerpts and the press release generally. Except as expressly admitted, defendants deny the remaining allegations in paragraph 152 of the FAC.

153. Defendants admit that the January 4, 2021 press release – which contains quotes from both Hughes and Pride's CEO Sam Johal – was the only press release issued regarding the order referenced in paragraph 152 of the FAC and that it was not posted on Pride's website. Defendants further admit that, while the website PrideTruckSales.com does not reference Workhorse or how one could acquire a Workhorse vehicle, the website PrideEV.com does. Defendants respectfully refer the Court to the press release and those websites, available online, for the full contents

-44-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

thereof.   Defendants lack sufficient information to admit or deny what the facts alleged in paragraph 153 indicate to plaintiffs.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 153 of the FAC.

154.   Defendants lack sufficient information to admit or deny whether the identified analysts made the statements alleged in paragraph 154 of the FAC or why they made the statements in paragraph 154 of the FAC.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 154 of the FAC.

155.   Defendants lack sufficient information to admit or deny whether the identified analysts made the statements alleged in paragraph 155 of the FAC or why they made the statements in paragraph 155 of the FAC.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 155 of the FAC.

156.   Defendants admit that Workhorse's stock price closed at $19.78 per share on December 31, 2020 (the last trading day before the press release referenced in paragraph 153 was issued) and had an intra-day high of $27.99 on January 8, 2021. Defendants further admit that Code F dispositions were made as to shares held by Hughes, Willison, Ackerson and Schrader as reported in the Form 4s, and that Chess and Samuels sold Workhorse stock as reported in the Form 4s.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 156 of the FAC.

157.   Defendants deny the allegations in paragraph 157 of the FAC.

158.   Defendants admit that during the putative class period Schrader was interviewed by Simranpal Singh and Jack Spencer for their respective YouTube channels.  Defendants Schrader and Ackerson lack sufficient information to admit or deny the allegations in paragraph 158 of the FAC that pre-date their employment at the Company.   To the extent paragraph 158 of the FAC sets forth allegations concerning what anonymous blogger and shortseller *Fuzzy Panda*'s investigators researched or uncovered, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   To the extent that paragraph 158 of the FAC sets forth allegations

-45-

concerning anonymous statements by and/or the results of purported investigations of Workhorse posted in the *Fuzzy Panda* article, defendants deny each and every such allegation. Defendants respectfully refer the Court to the *Fuzzy Panda* article for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 158 of the FAC.

159. Defendants admit that Code F dispositions were made as to shares held by the Individual Defendants as reported in the Form 4s. Defendants lack sufficient information to admit or deny whether the Reddit communit targeted Workhorse or why the Company's price rose during that time period. Except as expressly admitted, defendants deny the remaining allegations in paragraph 159 of the FAC.

## VII. DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

### A. March 10, 2020

160. Defendants admit that, on March 10, 2020, Workhorse issued a press release filed on Form 8-K and respectfully refer the Court to that press release for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 160 of the FAC.

161. To the extent that paragraph 161 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. To the extent paragraph 161 of the FAC sets forth allegations concerning what unnamed sources purportedly said to *Fuzzy Panda's* investigators and what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants deny the remaining allegations in paragraph 161 of the FAC.

162. Defendants admit that, on March 10, 2020, Workhorse held a call with investors in which Hughes, Schrader and Willison participated, and respectfully refer

-46-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

the Court to the transcript of that call for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 162 of the FAC.

163. To the extent that paragraph 163 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 163 of the FAC.

164. Defendants admit that, on March 10, 2020, Workhorse held a call with investors in which Hughes, Schrader and Willison participated, and respectfully refer the Court to the transcript of that call for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 164 of the FAC.

165. To the extent that paragraph 165 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that during the putative class period, Workhorse never produced 10 trucks per day at the Union City facility. Defendants deny the remaining allegations in paragraph 165 of the FAC.

166. Defendants admit that, on March 10, 2020, Workhorse held a call with investors in which Hughes, Schrader and Willison participated, and respectfully refer the Court to the transcript of that call for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 166 of the FAC.

167. To the extent that paragraph 167 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 167 of the FAC.

168. Defendants admit that, on March 10, 2020, Workhorse held a call with investors in which Hughes, Schrader and Willison participated, and respectfully refer the Court to the transcript of that call for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 168 of the FAC.

169. To the extent that paragraph 169 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 169 of the FAC.

-47-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

170.    To the extent that paragraph 170 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.    Defendants admit that Workhorse's stock rose from $2.50 at closing on March 8, 2020 to a high of $2.76 on March 10, 2020.  Defendants lack sufficient information to admit or deny the reason Workhorse's stock rose during that time period.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 170 of the FAC.

171.    To the extent that paragraph 171 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.    Defendants lack sufficient information to admit or deny whether analysts BTIG and Cowen Equity Research made the alleged statements in paragraph 171 of the FAC or why they made the statements in paragraph 171 of the FAC.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 171 of the FAC.

172.    Defendants admit that, on March 13, 2020, Workhorse issued a Form 10-K reporting on Workhorse's performance in 2019.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 172 of the FAC.

173.    Defendants admit that, on March 13, 2020, Workhorse field its 2019 10-K, and respectfully refer the Court to the 2019 10-K for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 173 of the FAC.

174.    To the extent that paragraph 174 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.    Defendants Schrader and Ackerson lack sufficient information to admit or deny the allegations in paragraph 174 of the FAC that predate their employment and, on that basis, deny those allegations.  Defendants Hughes, Willison and Workhorse admit that Workhorse partnered with VT Hackney to manufacture prototypes for the NGDV contract. Defendants further admit that Workhorse then purchased VT Hackney's right to bid on the NGDV contract for $7 million.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 174 of the FAC.

-48-

**B.      May 6, 2020**

175.   Defendants admit that, on May 6, 2020, Workhorse issued a press release filed on Form 8-K and respectfully refer the Court to that press release for the full contents thereof.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 175 of the FAC.

176.   To the extent that paragraph 176 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 176 of the FAC.

177.   Defendants admit that, on May 6, 2020, Workhorse held a call with investors in which Hughes, Schrader and Willison participated, and respectfully refer the Court to the transcript of that call for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 177 of the FAC.

178.   To the extent that paragraph 178 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 178 of the FAC.[7]

179.   Defendants admit that, on May 6, 2020, Workhorse held a call with investors in which Hughes, Schrader and Willison participated, and respectfully refer the Court to the transcript of that call for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 179 of the FAC.

180.   To the extent that paragraph 180 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 180 of the FAC.

---

[7]    Defendants lack sufficient information to admit or deny whether any of defendants made the statements in footnote 18 of the FAC because plaintiffs fail to allege which of the Individual Defendants allegedly made the statement, when it was made and in what forum it was made.  Defendants admit that the article cited by plaintiffs states that DHL ordered 63 Workhorse trucks.

-49-

181.   Defendants admit that, on May 6, 2020, Workhorse held a call with investors in which Hughes, Schrader and Willison participated, and respectfully refer the Court to the transcript of that call for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 181 of the FAC.

182.   To the extent that paragraph 182 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 182 of the FAC.

183.   Defendants admit that, on May 6, 2020, Workhorse held a call with investors in which Hughes, Schrader and Willison participated, and respectfully refer the Court to the transcript of that call for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 183 of the FAC.

184.   To the extent that paragraph 184 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  To the extent paragraph 184 of the FAC sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants deny the remaining allegations in paragraph 184 of the FAC.

185.   The claim based on the allegations in paragraph 185 of the FAC concerning Workhorse's alleged misuse of Paycheck Protection Program ("PPP") funds was dismissed pursuant to the Court's December 2, 2021 Order Denying in Substantial Part Defendants' Motion to Dismiss the FAC (the "December 2 Order").  As a result, no response is required to these allegations.

186.   The claim based on the allegations in paragraph 186 of the FAC concerning Workhorse's alleged misuse of PPP funds was dismissed pursuant to the Court's December 2 Order.  As a result, no response is required to these allegations.

187.   Defendants lack sufficient information to admit or deny whether the identified analysts made the alleged statements in paragraph 187 or why they made

-50-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

the statements in paragraph 187 of the FAC.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 187 of the FAC.

188.   Defendants admit that Workhorse secured $70 million in financing by the end of June 2020, and that its stock price rose from an opening price of $3.19 per share on May 6, 2020 to $17.02 per share by the end of June 2020.  Defendants lack sufficient information to admit or deny why it was successful in securing new financing.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 188 of the FAC.

**C.    July 23, 2020**

189.   To the extent that paragraph 189 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that, on July 23, 2020, Workhorse issued a press release and respectfully refer the Court to that press release for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 189 of the FAC.

190.   To the extent that paragraph 189 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  To the extent paragraph 190 of the FAC sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants admit that eTrucks articles of organization were signed by Brian Carr and filed with the Ohio Secretary of State on June 22, 2020.  Defendants also admit that the eTrucks website cited in paragraph 190 of the FAC is registered to a British Indian Ocean Territory domain and respectfully refer the Court to that website.  Defendants lack sufficient information to admit or deny what the website appears to be according to plaintiffs.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 190 of the FAC.

191.   Defendants lack sufficient information to admit or deny the online presence of eTruck, why eTrucks was created or how its creation and order with

-51-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

Workhorse appears according to plaintiffs.  Defendants admit that the eTrucks order remains outstanding.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 191 of the FAC.

**D.      July 24, 2020**

192.   Defendants admit that, on July 21, 2020, Schrader was interviewed by Benzinga and respectfully refer the Court to that video for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 192 of the FAC.

193.   To the extent that paragraph 193 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 193 of the FAC.

**E.      August 10, 2020**

194.   Defendants admit that, on August 10, 2020, Workhorse issued a press release filed on Form 8-K and respectfully refer the Court to that press release for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 194 of the FAC.

195.   To the extent that paragraph 195 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 195 of the FAC.

196.   Defendants admit that, on August 10, 2020, Workhorse held an earnings call in which Hughes, Schrader and Willison participated, and respectfully refer the Court to the transcript of that call for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 196 of the FAC.

197.   To the extent that paragraph 197 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 197 of the FAC.

198.   Defendants admit that, on August 10, 2020, Workhorse held an earnings call in which Hughes, Schrader and Willison participated, and respectfully refer the

-52-

Court to the transcript of that call for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 198 of the FAC.

199. To the extent that paragraph 199 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants lack sufficient information to admit or deny how alleged but unspecified statements by Schrader in paragraph 199 of the FAC were taken by analysts or the identified statements allegedly made by analysts Dougherty & Company and Oppenheimer. Except as expressly admitted, defendants deny the remaining allegations in paragraph 199 of the FAC.

200. Defendants deny the allegations in paragraph 200 of the FAC.

201. Defendants admit that, on August 10, 2020, Workhorse held an earnings call in which Hughes, Schrader and Willison participated, and respectfully refer the Court to the transcript of that call for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 201 of the FAC.

202. Defendants admit that, on August 10, 2020, Workhorse issued a press release filed on Form 8-K and respectfully refer the Court to that press release for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 202 of the FAC.

203. Defendants deny the allegations in paragraph 203 of the FAC.

204. Defendants admit that, on August 10, 2020, Workhorse held an earnings call in which Hughes, Schrader and Willison participated, and respectfully refer the Court to the transcript of that call for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 204 of the FAC.

205. To the extent that paragraph 205 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 205 of the FAC.

SMRH:4871-8957-2871.1

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

206. The claim based on the allegations in paragraph 206 of the FAC concerning Workhorse's alleged misuse of PPP funds was dismissed pursuant to the Court's December 2 Order. As a result, no response is required to these allegations.

207. The claim based on the allegations in paragraph 207 of the FAC concerning Workhorse's alleged misuse of PPP funds was dismissed pursuant to the Court's December 2 Order. As a result, no response is required to these allegations.

208. Defendants lack sufficient information to admit or deny whether analysts BTIG, Colliers International and Cowen Equity Research made the alleged statements in paragraph 208 of the FAC or why they made the statements in paragraph 208 of the FAC. Except as expressly admitted, defendants deny the remaining allegations in paragraph 208 of the FAC.

209. Defendants admit the allegations in paragraph 209 of the FAC.

**F.    August 14, 2020**

210. Defendants admit that on August 14, 2020, Schrader was interviewed by Jack Spencer on his YouTube channel, Jack Spencer Investing, and respectfully refer the Court to that video, linked in the FAC, for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 210 and footnoted 20 of the FAC.

211. Defendants admit that on August 14, 2020, Schrader was interviewed by Jack Spencer on his YouTube channel, Jack Spencer Investing, and respectfully refer the Court to that video for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 211 of the FAC.

212. Defendants admit that on August 14, 2020, Schrader was interviewed by Jack Spencer on his YouTube channel, Jack Spencer Investing, and respectfully refer the Court to that video for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 212 of the FAC.

213. Defendants admit that on August 14, 2020, Schrader was interviewed by Jack Spencer on his YouTube channel, Jack Spencer Investing, and respectfully refer

the Court to that video for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 213 of the FAC.

214.   To the extent that paragraph 214 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  To the extent paragraph 214 of the FAC sets forth allegations concerning what *Fuzzy Panda's* investigators allegedly saw, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants deny the remaining allegations in paragraph 214 of the FAC.

215.   Defendants admit that Workhorse did not secure the NGDV contract, but deny the suggestion that the USPS informed Workhorse that it would not be awarded the contract prior to the USPS's February 23, 2021 press release awarding the contract to Oshkosh.  Except as expressly admitted, defendants deny the allegations in paragraph 215 of the FAC.

216.   Defendants admit that on August 14, 2020, Schrader was interviewed by Jack Spencer on his YouTube channel, Jack Spencer Investing, and respectfully refer the Court to that video for the full contents thereof.  Defendants lack sufficient information to admit or deny what comments were allegedly posted to the video or why they were allegedly posted to the video.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 216 of the FAC.

217.   Defendants admit that on August 14, 2020, Schrader was interviewed by Jack Spencer on his YouTube channel, Jack Spencer Investing, and respectfully refer the Court to that video for the full contents thereof.  Defendants lack sufficient information to admit or deny what comments were allegedly posted to the video or why they were allegedly posted to the video.  Defendants admit that Schrader never commented on the video.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 216 of the FAC.

218.   Defendants admit that on August 14, 2020, Schrader was interviewed by Jack Spencer on his YouTube channel, Jack Spencer Investing, and respectfully

-55-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

refer the Court to that video for the full contents thereof. Defendants further admit that Schrader appeared on Jack Spencer's YouTube channel thereafter. Except as expressly admitted, defendants deny the remaining allegations in paragraph 218 of the FAC.

219. Defendants lack sufficient information to admit or deny the allegations in paragraph 219 and on that basis deny the allegations in paragraph 219 of the FAC.

220. Defendants lack sufficient information to admit or deny whether additional YouTube channels promote Workhorse's stock or the video history of those channels. Defendants admit that, on October 8, 2020, anonymous blogger and shortseller *Fuzzy Panda* posted a document that made various allegations regarding Workhorse and respectfully refer the Court to that document for the full contents thereof. To the extent that paragraph 220 of the FAC sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted shortsellers of Workhorse's stock posted in the *Fuzzy Panda* document, defendants deny each and every such allegation. Except as expressly admitted, defendants deny the remaining allegations in paragraph 220 of the FAC.

221. Defendants admit that Mr. Spencer posted a video on June 3, 2021 and respectfully refer the Court to that video, available online, for the full contents thereof. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 221 of the FAC and on that basis deny the allegations in paragraph 221 of the FAC. Except as expressly admitted, defendants deny the remaining allegations in paragraph 221 of the FAC.

**G.    August 17, 2020**

222. Defendants admit that, on August 17, 2020, Willison appeared on the Supply Chain Innovation podcast hosted by William Crane and respectfully refer the Court to that podcast for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 222 of the FAC.

223.   To the extent that paragraph 223 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 223 of the FAC.

224.   Defendants admit that, on August 17, 2020, Willison appeared on the Supply Chain Innovation podcast hosted by William Crane and respectfully refer the Court to that podcast for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 224 of the FAC.

225.   To the extent that paragraph 225 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 225 of the FAC.

**H.   August 31, 2020**

226.   Defendants admit that, on August 31, 2020, Workhorse issued a press release and respectfully refer the court to that press release for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 226 of the FAC.

227.   Defendants admit that, on October 29, 2020, Schrader was interviewed by Benzinga and respectfully refer the Court to that video for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 227 of the FAC.

228.   To the extent that paragraph 228 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 228 of the FAC.

229.   Defendants admit that, on January 28, 2021, Schrader was interviewed by Jack Spencer and respectfully refer the Court to that video for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 229 of the FAC.

SMRH:4871-8957-2871.1

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

## I.    October 15, 2020

230.    Defendants admit that, on October 15, 2020, Schrader was interviewed by TD Ameritrade Morning Trade Live and respectfully refer the Court to that video for the full contents thereof.    Except as expressly admitted, defendants deny the remaining allegations in paragraph 230 of the FAC.

231.    Defendants deny the allegations in paragraph 231 of the FAC.

232.    Defendants deny the allegations in paragraph 232 of the FAC.

233.    Defendants admit that Workhorse's stock opened on October 15, 2020 at $22.39 per share and closed that same day at $22.30 per share.    Defendants lack sufficient information to admit or deny why Workhorse's stock price was steady on October 15, 2020.    Except as expressly admitted, defendants deny the remaining allegations in paragraph 233 of the FAC.

234.    Defendants admit that Hughes sold Workhorse stock as reported in the Form 4s.    Except as otherwise admitted, defendants deny the remaining allegations in paragraph 234 of the FAC.

## J.    October 29, 2020

235.    Defendants admit that, on October 29, 2020, Schrader was interviewed by Benzinga and respectfully refer the Court to that video for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 235 of the FAC.

236.    To the extent that paragraph 236 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.    Defendants deny the remaining allegations in paragraph 236 of the FAC.

237.    Defendants admit that, on October 29, 2020, Schrader was interviewed by Benzinga and respectfully refer the Court to that video for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 237 of the FAC.

SMRH:4871-8957-2871.1

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

238.   To the extent that paragraph 238 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that on one occasion during the putative class period the USPS identified alleged issues with Workhorse's proposal and on two occasions posed questions to Workhorse related thereto, to which Workhorse responded in full.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 238 of the FAC.

239.   Defendants admit the allegations in paragraph 239 of the FAC.

**K.    November 9, 2020**

240.   Defendants admit that, on November 9, 2020, Workhorse issued a press release filed on Form 8-K and respectfully refer the Court to that Form 8-K for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 240 of the FAC.

241.   To the extent that paragraph 241 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 240 of the FAC.

242.   Defendants admit that, on November 9, 2020, Workhorse held an earnings call with investors in which Hughes, Schrader and Willison each participated and respectfully refer the Court to the transcript for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 242 of the FAC.

243.   To the extent that paragraph 243 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 243 of the FAC.

244.   Defendants lack sufficient information to admit or deny if Roth Capital made the alleged statement in paragraph 244.  Defendants deny the allegations in paragraph 244 of the FAC.

245.   Defendants admit that, on November 9, 2020, Workhorse held an earnings call with investors in which Hughes, Schrader and Willison each participated

-59-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

and respectfully refer the Court to the transcript for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 245 of the FAC.

246.   To the extent that paragraph 246 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants lack sufficient information to admit or deny whether the public statements related to Hitachi are unclear to plaintiffs.  Defendants deny the remaining allegations in paragraph 246 of the FAC.

247.   Defendants admit that, on November 9, 2020, Workhorse held an earnings call with investors in which Hughes, Schrader and Willison each participated and respectfully refer the Court to the transcript for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 247 of the FAC.

248.   Defendants admit that, on November 9, 2020, Workhorse held an earnings call with investors in which Hughes, Schrader and Willison each participated and respectfully refer the Court to the transcript for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 248 of the FAC.

249.   Defendants admit that, on November 9, 2020, Workhorse issued a separate press release and respectfully refer the Court to that press release for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 249 of the FAC.

250.   Defendants lack sufficient information to admit or deny whether the public statements related to Pritchard are unclear to plaintiffs.  Defendants admit that Workhorse held a May 10, 2021 earnings call and respectfully refers the Court to the transcript of that call for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 250 of the FAC.

-60-

251.   Defendants admit that, on November 9, 2020, Workhorse held an earnings call with investors in which Hughes, Schrader and Willison each participated and respectfully refer the Court to the transcript for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 251 of the FAC.

252.   Defendants admit that on one occasion during the putative class period the USPS identified alleged issues with Workhorse's proposal and on two occasions posed questions to Workhorse related thereto, to which Workhorse responded in full.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 252 of the FAC.

253.   The claim based on the allegations in paragraph 253 of the FAC concerning Workhorse's alleged misuse of PPP funds was dismissed pursuant to the Court's December 2 Order.  As a result, no response is required to these allegations.

254.   Defendants admit that Workhorse's stock price rose on November 9, 2020 from an opening price of $17.88 per share to an intra-day high of $20.08 per share.  Defendants lack sufficient information to admit or deny why Workhorse's stock price rose.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 254 of the FAC.

**L.      November 14, 2020**

255.   Defendants admit that, November 14, 2020, Schrader was interviewed by Jack Spencer on his YouTube channel, Jack Spencer Investing and respectfully refer the Court to that video for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 255 of the FAC.

256.   Defendants admit that, November 14, 2020, Schrader was interviewed by Jack Spencer on his YouTube channel, Jack Spencer Investing and respectfully refer the Court to that video for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 256 of the FAC.

-61-

257. To the extent that paragraph 257 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 257 of the FAC.

258. Defendants admit that, on November 14, 2020, Schrader was interviewed by Jack Spencer on his YouTube channel, Jack Spencer Investing and respectfully refer the Court to that video for the full contents thereof. Defendants further admit that Schrader made two media appearances – on October 15, 2020 and October 29, 2020 – and respectfully refer the Court to those two interviews for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 258 of the FAC.

259. Defendants admit that, on November 14, 2020, Schrader was interviewed by Jack Spencer on his YouTube channel, Jack Spencer Investing and respectfully refer the Court to that video for the full contents thereof. Defendants lack sufficient information to admit or deny what comments were allegedly posted to the video or why they were allegedly posted to the video. Defendants admit that Schrader never commented on the video. Except as expressly admitted, defendants deny the remaining allegations in paragraph 259 of the FAC.

**M. January 27-28, 2021**

260. Defendants admit that allegations in paragraph 260 of the FAC.

261. Defendants admit that, on January 27, 2021, Schrader was interviewed by Simranpal Singh on his YouTube channel and respectfully refer the Court to the video of that interview for the full contents thereof. Defendants lack sufficient information to admit or deny what comments were allegedly posted to the video. Except as expressly admitted, defendants deny the remaining allegations in paragraph 261 of the FAC.

262. To the extent that paragraph 262 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that on one occasion during the putative class period the USPS identified alleged issues with

-62-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

Workhorse's proposal and on two occasions posed questions to Workhorse related thereto, to which Workhorse responded in full. Defendants deny the remaining allegations in paragraph 262 of the FAC.

263. Defendants admit that, on January 28, 2021, Schrader was interviewed by Jack Spencer on his YouTube channel and respectfully refer the Court to the video of that interview for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 263 of the FAC.

264. To the extent that paragraph 264 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 264 of the FAC.

265. Defendants admit that Schrader was interviewed by Simranpal Singh, on January 27, 2021, and Jack Spencer, on January 28, 2021, and respectfully refer the Court to those videos for the full contents thereof. Defendants lack sufficient information to admit or deny what comments were allegedly posted to the videos or why they were allegedly posted to the videos. Except as expressly admitted, defendants deny the remaining allegations in paragraph 265 of the FAC.

266. Defendants admit that, on January 28, 2021, Schrader was interviewed by Jack Spencer on his YouTube channel and respectfully refer the Court to the video of that interview for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 266 of the FAC.

267. To the extent that paragraph 267 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 267 of the FAC.

268. To the extent that paragraph 267 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the allegations in paragraph 268 of the FAC.

269. Defendants admit that Workhorse's stock closed at $34.32 per share on January 29, 2021, which represented an increase of over $10 per share in a one-week

-63-

time period.    Defendants lack sufficient information to admit or deny whether Workhorse's stock increased due to Schrader's statements.    Except as expressly admitted, defendants deny the remaining allegations in paragraph 269 of the FAC.

270.    Defendants admit that Hughes, Willison, Samuels and Budde sold Workhorse stock as reported in the Form 4s.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 270 of the FAC.

**N.    February 24, 2021**

271.    Defendants admit that, on February 23, 2021, the USPS announced that it was awarding the NGDV contract to Oskhosh.  Defendants further admit that Workhorse's stock opened at $28.29 on February 23, 2021, went down to an intra-day low of $12.50 per share and closed at $16.43 a share.  Defendants lack sufficient information to admit or deny why Workhorse's stock decreased on February 23, 2021. Except as expressly admitted, defendants deny the remaining allegations in paragraph 271 of the FAC.

272.    To the extent that paragraph 272 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.    Defendants admit that, on February 24, 2021, Workhorse published a press release acknowledging the USPS's already public NGDV award decision, and respectfully refer the Court to that press release for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 272 of the FAC.

273.    To the extent that paragraph 273 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 273 of the FAC.

274.    Defendants lack sufficient information to admit or deny the effect of the USPS's announcement on analysts following Workhorse, any of their beliefs or whether they made the statements alleged in paragraph 274 of the FAC.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 274 of the FAC.

-64-

275.   Defendants admit that, on February 24, 2021, Workhorse's stock opened at $14.07 per share and closed at $15.13 per share and that Workhorse's stock closed at $18.87 on February 25, 2021.  Defendants lack sufficient information to admit or deny why Workhorse's stock increased.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 275 of the FAC.

**O.      March 1, 2020[8]**

276.   Defendants admit that, on March 1, 2021, Workhorse issued a press release filed on Form 8-K and respectfully refer the Court to that Form 8-K for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 276 of the FAC.

277.   Defendants admit, on March 1, 2021, Workhorse held an earnings call and respectfully refers the Court to the transcript of that earnings call for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 277 of the FAC.

278.   To the extent that paragraph 278 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 278 of the FAC.

279.   Defendants admit, on March 1, 2021, Workhorse held an earnings call and respectfully refers the Court to the transcript of that earnings call for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 279 of the FAC.

280.   To the extent that paragraph 280 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 280 of the FAC.

281.   Defendants admit that, on March 1, 2021, Workhorse issued a press release filed on Form 8-K and respectfully refer the Court to that Form 8-K for the

---

[8] The FAC erroneously has this heading as March 1, 2020.

SMRH:4871-8957-2871.1                      ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 281 of the FAC.

282. Defendants admit, on March 1, 2021, Workhorse held an earnings call and respectfully refers the Court to the transcript of that earnings call for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 282 of the FAC.

283. To the extent that paragraph 283 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that the January 4, 2021 press release – which contains quotes from both Hughes and Pride's CEO Sam Johal – was the only press release issued regarding the purchase order referenced in paragraph 281 of the FAC and that it was not posted on Pride's website. Defendants further admit that, while the website PrideTruckSales.com does not reference Workhorse or how one could acquire a Workhorse vehicle, the website PrideEV.com does. Defendants respectfully refer the Court to the press release and those websites, available online, for the full contents thereof. Defendants lack sufficient information to admit or deny what the facts alleged in paragraph 283 of the FAC indicate to plaintiffs. Except as expressly admitted, defendants deny the remaining allegations in paragraph 283 of the FAC.

284. Defendants admit that, on March 1, 2021, Workhorse's stock opened at $14.95 per share and closed at $17.34 per share. Defendants lack sufficient information to admit or deny why Workhorse's stock increased. Except as expressly admitted, defendants deny the remaining allegations in paragraph 284 of the FAC.

## VIII. LOSS CAUSATION

285. To the extent that paragraph 285 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 285 of the FAC.

286. To the extent that paragraph 286 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that, on

-66-

February 23, 2021, the USPS announced that it was awarding the NGDV contract to competing bidder Oshkosh and respectfully refer the Court to that announcement for the full contents thereof. Defendants also admit that, on November 9, 2020, Workhorse issued a press release on Form 8-K rescinding its 2020 production target and respectfully refer the Court to that press release for the full contents thereof. Defendants further admit that, on May 10, 2021, Workhorse held an earnings call with investors in which it lowered its 2021 production target and respectfully refer the Court to the transcript of that call for the full contents thereof. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 286 of the FAC.

287. Defendants deny the allegations in paragraph 287 of the FAC.

288. Defendants admit that during the putative class period Workhorse's trucks were assembled using an assembly line that operated, in part, on wooden work benches. Defendants further admit that Workhorse maintained 300-400 trucks as its production target for 2020 until November 9, 2020 and that it maintained 1800 trucks as its production target for 2021 until May 10, 2021. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 288 of the FAC.

289. Defendants admit that Workhorse's agreements with customers contain typical terms and conditions.. Defendants further admit that UPS issued a 2019 Sustainability Report that refers to the electric truck manufacturer Arrival and respectfully refer the Court to that report for the full contents thereof. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 289 of the FAC.

290. Defendants admit that, on October 8, 2020, shortseller and anonymous blogger *Fuzzy Panda* posted an article containing allegations regarding Workhorse and respectfully refer the Court to that article for the full contents thereof. To the extent that paragraph 290 of the FAC sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted shortsellers

-67-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

of Workhorse's stock posted in the *Fuzzy Panda* article, defendants deny each and every such allegation. Except as expressly admitted, defendants deny the remaining allegations in paragraph 290 of the FAC.

291. The claim based on the some of the allegations in paragraph 291 of the FAC concerning Workhorse's alleged misuse of PPP funds was dismissed pursuant to the Court's December 2 Order. As a result, no response is required to these allegations. Defendants admit that, on October 8, 2020, shortseller and anonymous blogger *Fuzzy Panda* posted an article containing allegations regarding Workhorse and respectfully refer the Court to that article for the full contents thereof. To the extent that paragraph 291 of the FAC sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted shortsellers of Workhorse's stock posted in the *Fuzzy Panda* article, defendants deny each and every such allegation. Except as expressly admitted, defendants deny the remaining allegations in paragraph 291 of the FAC.

292. Defendants admit that during the putative class period Workhorse's trucks were assembled using an assembly line that operated, in part, on wooden work benches. Defendants admit that, on October 8, 2020, shortseller and anonymous blogger *Fuzzy Panda* posted an article containing allegations regarding Workhorse and respectfully refer the Court to that article for the full contents thereof. To the extent paragraph 292 of the FAC sets forth allegations concerning what *Fuzzy Panda* allegedly had its investigators do, what they allegedly saw or what unnamed source purportedly said to *Fuzzy Panda's* investigators, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly admitted, defendants deny the remaining allegations in paragraph 292 of the FAC.

293. Defendants admit that, on October 8, 2020, shortseller and anonymous blogger *Fuzzy Panda* posted an article containing allegations regarding Workhorse and respectfully refer the Court to that article for the full contents thereof. To the

-68-

extent paragraph 293 of the FAC sets forth allegations concerning what *Fuzzy Panda* allegedly had its investigators do, what they allegedly saw or what Workhorse employees purportedly said to *Fuzzy Panda's* investigators, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly admitted, defendants deny the remaining allegations in paragraph 293 of the FAC.

294. Defendants admit that, on October 8, 2020, shortseller and anonymous blogger *Fuzzy Panda* posted an article containing allegations regarding Workhorse and respectfully refer the Court to that article for the full contents thereof. To the extent that paragraph 294 of the FAC sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted shortsellers of Workhorse's stock posted in the *Fuzzy Panda* article, defendants deny each and every such allegation. Except as expressly admitted, defendants deny the remaining allegations in paragraph 294 of the FAC.

295. Defendants lack sufficient information to admit or deny whether the *Fuzzy Panda* article or the news and media outlets reception thereof affected Workhorse's stock. Defendants admit that, on October 8, 2020, Bloomberg published an article that reported on the *Fuzzy Panda* article and respectfully refer the Court to that article for the full contents thereof. Defendants further admit that, on October 8, 2020, Yahoo Finance also published an article that reported on the *Fuzzy Panda* article and respectfully refer the Court to that article for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 295 of the FAC.

296. Defendants lack sufficient information to admit or deny whether Roth Capital, Barron's or Motley Fool made the alleged statements in paragraph 296 of the FAC or why they made the alleged statements. Defendants deny the remaining allegations in paragraph 296 of the FAC.

-69-

297.   To the extent that paragraph 296 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that Hughes, Willison and Ackerson sold Workhorse stock as reported on the Form 4s.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 297 of the FAC.

298.   Defendants admit that, on February 23, 2021, the USPS announced that it was awarding the NGDV contract to Oshkosh and respectfully refer the Court to that announcement for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 298 of the FAC.

299.   Defendants lack sufficient information to admit or deny whether Wolfe Research made the alleged statements in paragraph 299 of the FAC or why they made the alleged statements.  Defendants deny the remaining allegations in paragraph 299 of the FAC.

300.   Defendants admit that Workhorse's stock declined from $31.34 per share at close on February 22, 2021 to $16.47 per share at close on February 23, 2021.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 300 of the FAC.

301.   Defendants lack sufficient information to admit or deny the effect of the USPS's announcement on Workhorse's investors.  Defendants lack sufficient information to admit or deny whether analysts BTIG, Colliers International and Cowen Equity Research made the alleged statements in paragraph 301 of the FAC or why they made the alleged statements.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 301 of the FAC.

302.   To the extent that paragraph 302 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 302 of the FAC.

303.   Defendants admit that, on May 10, 2021, Workhorse issued a Form 10-Q reporting on its performance in Q1:21 and respectfully refer the Court to that Form

-70-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

10-Q for the full contents thereof.  Defendants further admit that, on May 10, 2021, Workhorse held an earnings call with investors in which it lowered its 2021 production target from 1800 trucks to 1000 trucks.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 303 of the FAC.

304.   Defendants lack sufficient information to admit or deny whether Colliers or other analysts made the alleged statements in paragraph 304 of the FAC or why they made the alleged statements.  Defendants admit that Workhorse's stock fell from a close of $9.64 on May 9, 2021 to a close of $8.20 on May 10, 2021.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 304 of the FAC.

305.   Defendants admit that Workhorse's stock was trading at $2.64 per share on March 10, 2020, $42.96 per share on February 4, 2021 and $8.20 per share on May 10, 2021.  Defendants lack sufficient information to admit or deny why Workhorse's stock price rose or fell on any given day during the putative class period.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 305 of the FAC.

306.   To the extent that paragraph 306 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 306 of the FAC.

## IX.   DEFENDANTS ACTED WITH SCIENTER

307.   To the extent that paragraph 307 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that Schrader, Hughes, Willison and Ackerson sold Workhorse stock during the putative class period as reported on the Form 4s.  Except as expressly admitted, Defendants deny the remining allegations in paragraph 307 of the FAC.

SMRH:4871-8957-2871.1

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

**A.    Insider Trading by the Individual Defendants Supports a Strong Inference of Scienter**

308.    To the extent that paragraph 308 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that Schrader, Hughes, Willison and Ackerson sold Workhorse stock during the putative class period as reported in the Form 4s.  Defendants admit that, on September 3, 2020, the USPS sent Workhorse a 3-page document identifying issues with and questions regarding Workhorse's proposal and that, on September 25, 2020, Workhorse responded with a detailed, 99-page document.  Except as expressly admitted, Defendants deny the remining allegations in paragraph 308 of the FAC.

309.    To the extent that paragraph 309 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that Schrader, Willison, Hughes and Ackerson sold Workhorse stock as reported in the Form 4s. Defendants lack sufficient information to admit or deny why Workhorse's stock price rose above $15 per share after the end of the putative class period.  Except as expressly admitted, Defendants deny the remining allegations in paragraph 309 of the FAC.

**B.    The Amount and Percentage of Shares the individual Defendants Sold During the Class Period Was Extraordinary and Inconsistent with Pre- and Post-Class period Trading Practices**

310.    Defendants lack sufficient information to admit or deny the allegations in paragraph 310 of the of the FAC and on that basis deny.

311.    Defendants lack sufficient information to admit or deny the allegations in paragraph 311 of the of the FAC and on that basis deny.

312.    Defendants admit that Ackerson sold Workhorse shares as reported in the Form 4s.  Except as expressly admitted, Defendants deny the remining allegations in paragraph 312 of the FAC.

-72-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

313. Defendants admit that Hughes sold Workhorse shares as reported in the Form 4s. Except as expressly admitted, Defendants deny the remining allegations in paragraph 313 of the FAC.

314. Defendants admit that Schrader sold Workhorse shares as reported in the Form 4s. Except as expressly admitted, Defendants deny the remining allegations in paragraph 314 of the FAC.

315. Defendants admit that Willison sold Workhorse shares as reported in the Form 4s. Except as expressly admitted, Defendants deny the remining allegations in paragraph 315 of the FAC.

316. Defendants admit that the Individual Defendants sold Workhorse stock as reported in the Form 4s. Except as expressly admitted, defendants deny the remaining allegations in paragraph 316 of the FAC.

317. Paragraph 317 contains a graphic to which defendants need not respond.

**C.   Workhorse's Executive Compensation Plan Provided Substantial Additional Incentives for Defendants Hughes and Willison to mislead Investors and Withhold Material Adverse Information**

318. Defendants admit that Hughes and Willison's total compensation for 2020 consisted of three components: (1) base salary; (2) incentive-based cash bonuses; and (3) incentive-based equity compensation. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 318 of the FAC.

319. Defendants admit that Workhorse's 2020 10-K provides details regarding Hughes and Willison's compensation for 2020 and respectfully refer the Court to the 2020 10-K for the full contents thereof. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 319 of the FAC.

320. Defendants admit that Workhorse's 2020 10-K contains details regarding Hughes and Willison's compensation for 2020 and respectfully refer the Court to the 2020 10-K for the full contents thereof. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 320 of the FAC.

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

321.    To the extent that paragraph 321 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants Schrader, Ackerson and Workhorse lack sufficient information to admit or deny the alleged effect bonuses had Hughes and Willison.  Defendants deny the remaining allegations in paragraph 321 of the FAC.

322.    The claim based on the allegations in paragraph 322 of the FAC concerning Workhorse's alleged misuse of PPP funds was dismissed pursuant to the Court's December 2 Order.  As a result, no response is required to these allegations.

**D.    Additional Indicia of Scienter**

323.    Defendants admit that Hughes, Schrader and Willison participated in Workhorse's earnings calls during the Class Period.  Defendants also admit that Hughes was quoted in every press release alleged in the FAC.  Defendants further admit that the Individual Defendants' dates of employment at Workhorse are as alleged in the FAC.  Schrader, Willison and Ackerson lack sufficient information to admit or deny the allegations in paragraph 323 that pre-date their employment at the Company.  Hughes and Workhorse admit that Hughes, in his capacity as COO, signed the 2018 agreement with UPS referenced in paragraph 73 of the FAC.  Except as expressly admitted, defendants deny the remining allegations in paragraph 323 of the FAC.

324.    Defendants lack information sufficient to admit or deny the alleged activities of Steve Burns.  Defendants Schrader and Ackerson lack sufficient information to admit or deny the allegations in paragraph 324 of the FAC that pre-date their employment at the Company.  Except as expressly admitted, defendants deny the remining allegations in paragraph 324 of the FAC.

325.    Defendants admit that Workhorse issued Form 10-Ks and Form 10-Qs throughout the putative class period that were signed by Hughes, Schrader and Ackerson and that they included certifications pursuant to the Sarbanes-Oxley Act of 2002 that were signed by Hughes and Schrader.  Defendants respectfully refer the

Court to the certifications for the full contents thereof.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 325 of the FAC.

326.   Defendants admit that Workhorse employed at is largest less than 200 employees.   Defendants lack sufficient information to admit or deny whether executives in similarly sized companies tend to be very "hands-on."  To the extent paragraph 326 of the FAC sets forth allegations concerning what former employees of Workhorse purportedly reported to plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 326 of the FAC.

## X.    PSLRA STATUTORY SAFE HARBOR DOES NOT APPLY

327.   To the extent that paragraph 327 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 327 of the FAC.

328.   Defendants deny the allegations in paragraph 328 of the FAC.

## XI.    CLASS ACTION ALLEGATIONS

329.   Defendants admit that plaintiffs purport to bring this action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all persons or entities who acquired the securities of Workhorse during the purported class period and who allegedly suffered damages as a result. Defendants further admit that plaintiffs purport to exclude the defendants, any person who was an officer or director of Workhorse and its subsidiaries, members of the immediate families of any defendant, the legal representatives, heirs, successors in interest, or assigns of defendants and any entity in which defendants have or had a controlling interest.  Defendants deny that a class can or should be certified.

330.   Defendants admit that Workhorse's common stock was actively traded on the NASDAQ exchange during the putative class period.  To the extent that

-75-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION
OF FEDERAL SECURITIES LAW

paragraph 330 of the FAC purports to allege plaintiffs' "belief," defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies each and every such allegation. Except as expressly admitted, defendants deny the remaining allegations in paragraph 330 of the FAC.

331. Defendants deny the allegations in paragraph 331 of the FAC.

332. To the extent that paragraph 332 of the FAC sets forth allegations concerning plaintiffs' adequacy to represent a putative class and the qualifications of plaintiffs' counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly admitted, defendants deny the remaining allegations in paragraph 332 of the FAC.

333. Defendants deny the allegations in paragraph 333 of the FAC.

334. Defendants deny the allegations in paragraph 334 of the FAC.

335. To the extent that paragraph 335 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 335 of the FAC.

336. To the extent that paragraph 336 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 336 of the FAC.

337. To the extent that paragraph 337 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 337 of the FAC.

## COUNT I

### For Violations of Section 10(b) of the Exchange Act
### and Rule 10b-5(b) Promulgated Thereunder

338. Defendants repeat and incorporate by reference each of the preceding allegations.

-76-

339.   To the extent that paragraph 339 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 339 of the FAC.

340.   To the extent that paragraph 340 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 340 of the FAC.

341.   To the extent that paragraph 341 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 341 of the FAC.

342.   Defendants deny the allegations in paragraph 342 of the FAC.

343.   To the extent that paragraph 343 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 343 of the FAC.

344.   Defendants deny the allegations in paragraph 344 of the FAC.

345.   To the extent that paragraph 345 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 345 of the FAC.

## COUNT II

### For Violations of Section 10(b) of the Exchange Act
### and Rule 10b-5(a) & (c) Promulgated Thereunder

346.   Defendants repeat and incorporate by reference each of the preceding allegations.

347.   To the extent that paragraph 347 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 347 of the FAC.

348.   To the extent that paragraph 348 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 348 of the FAC.

-77-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

349.    To the extent that paragraph 349 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 349 of the FAC.

350.    To the extent that paragraph 350 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that each of the Individual Defendants, during the term of the employment with Workhorse, was or has been privy to confidential proprietary information concerning the Company.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 350 of the FAC.

351.    To the extent that paragraph 351 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that each of the Individual Defendants, during the term of the employment with Workhorse, was or is a senior officer of the Company.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 351 of the FAC.

352.    Defendants deny the remaining allegations in paragraph 352 of the FAC.

353.    To the extent that paragraph 353 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 353 of the FAC.

354.    Defendants deny the remaining allegations in paragraph 354 of the FAC.

355.    To the extent that paragraph 355 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 355 of the FAC.

## COUNT III

### Violations of Section 20(c) of the Exchange Act

356.    Defendants repeat and incorporate by reference each of the preceding allegations.

357.    Defendants admit that Hughes, Schrader and Willison participated in the operation and management of the Company and the conduct of Workhorse's business

-78-

affairs.  Ackerson denies that he participated in the operation and management of the Company and the conduct of Workhorse's business affairs.  Defendants deny the remaining allegations in paragraph 357 of the FAC.

358.   To the extent that paragraph 358 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 358 of the FAC.

359.   To the extent that paragraph 359 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that, during the terms of their employment, the Individual Defendants were or are senior officers of Workhorse.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 359 of the FAC.

360.   To the extent that paragraph 360 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that during the putative class period the Individual Defendants sold Workhorse stock as reported in the Form 4s.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 360 of the FAC.

361.   Defendants lack sufficient information to admit or deny the allegations in paragraph 361 and on that basis deny the allegations in paragraph 361 of the FAC.

362.   To the extent that paragraph 362 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 362 of the FAC.

363.   To the extent that paragraph 363 of the FAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the remaining allegations in paragraph 363 of the FAC.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses upon information and belief:

-79-

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim for Relief)

1.    The FAC, and each purported cause of action contained therein, fail to state facts sufficient to constitute a claim for relief against defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

2.    Plaintiffs lack standing to assert the claims alleged in the FAC against defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Good Faith)

3.    Defendants acted in good faith and did not, directly or indirectly, employ, engage in, or induce the act or acts constituting the violations asserted against them under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

## FOURTH AFFIRMATIVE DEFENSE

### (Market Factors)

4.    Any increase or decrease in the market value of any assets or property was the result of factors beyond defendants' reasonable control, and not the result of any alleged wrongful conduct by defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (No Loss Causation)

5.    The alleged false statements and omissions of material fact alleged in the FAC were not the proximate cause of any injury to plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (No Material Misstatement)

6.    Plaintiffs are not entitled to any recovery from defendants because no statements made by the defendants contained any untrue statement of material fact,

-80-

SMRH:4871-8957-2871.1

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW

nor did defendants omit to state a material fact required to be stated or necessary to make the statements not misleading.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

7. Plaintiffs have not suffered any damages as a result of any actions taken by defendants, and plaintiffs are thus barred from asserting any claim against defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

8. Plaintiffs cannot recover any of the damages alleged in the FAC because such damages, if any, are too speculative to be recoverable at law.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Reliance/Price Impact)

9. Plaintiffs cannot recover for the claims alleged in the FAC because the allegedly actionable misrepresentations did not affect Workhorse stock price, thus severing the link between the alleged misstatements and the price received (or paid) by the plaintiff and rebutting the presumption of reliance afforded under *Basic Inc. v. Levinson*.

## TENTH AFFIRMATIVE DEFENSE

### (Law of the Case)

10. Plaintiff cannot recover for all or some of the misstatements alleged in the FAC because those statements were dismissed as set forth in the Court's December 2 Order.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

11. Defendants hereby reserve their right to assert additional defenses not asserted herein, as investigation and discovery may reveal the existence of such defenses not presently known to them.

-81-

# **PRAYER FOR RELIEF**

WHEREFORE, defendants pray as follows:

A.      That plaintiff and any certified class take nothing by reason of the FAC, and that the FAC be dismissed with prejudice;

B.      That defendants be awarded their costs and expenses of suit, including attorneys' fees to the extent allowed by law;

C.      That judgment be entered in favor of defendants; and

D.      For such other and further relief as the Court may deem just and proper.

Dated:  January 18, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      _____/s/ Bridget J. Russell_____

JOHN P. STIGI III
BRIDGET J. RUSSELL
GIAN A. RYAN
Attorneys for Defendants WORKHORSE GROUP, INC., DUANE HUGHES, STEVE SCHRADER, ROBERT WILLISON, and GREGORY ACKERSON

SMRH:4871-8957-2871.1

ANSWER TO AMENDED COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAW