**KAHN SWICK & FOTI, LLC**
Kim E. Miller (SBN 178370)
kim.miller@ksfcounsel.com
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

*Lead Counsel for Lead Plaintiff Timothy M. Weis,*
*Additional Plaintiff Angelo Federico, and the Settlement Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM FARRAR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WORKHORSE GROUP, INC., DUANE HUGHES, STEVE SCHRADER, ROBERT WILLISON, and GREGORY ACKERSON <br><br> Defendants. | Case No. 2:21-cv-02072-CJC-PVC <br><br> REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (i) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (ii) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES <br><br> JUDGE: Hon. Cormac J. Carney <br> DATE: July 24, 2023 <br> TIME: 1:30 p.m. <br> CTRM: 9B |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

I.    PRELIMINARY STATEMENT ...................................................................1

II.   THE OVERWHELMINGLY POSITIVE REACTION OF THE
      SETTLEMENT CLASS SUPPORTS APPROVAL OF THE MOTIONS.....2

III.  THE OBJECTIONS SHOULD BE OVERRULED........................................3

      A.    Mr. Keenan Lacks Standing to Object ....................................................3

      B.    The Objections Lack Merit .................................................................3

IV.   CONCLUSION.............................................................................................6

REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF MOTION FOR

# TABLE OF AUTHORITIES

*Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H, 2009 U.S. Dist. LEXIS 103035 (S.D. Cal. Nov. 4, 2009)......................................................3

*Brooks v. Life Care Ctrs.*, No. SACV 12-00659, 2015 U.S. Dist. LEXIS 196428 (C.D. Cal. Oct. 19, 2015)...................................................................................2, 4

*Conagra Foods v. Conagra Foods*, No. CV 11-05379, 2019 U.S. Dist. LEXIS 238325 (C.D. Cal. Oct. 8, 2019) ...........................................................................4

*Conti v. Am. Honda Motor Co.*, No. CV 19-02160, 2022 U.S. Dist. LEXIS 1561 (C.D. Cal. Jan. 4, 2022) ....................................................................................2

*Dynabursky v. AlliedBarton Sec. Servs., LP*, No. 1:22-cv-210, 2016 U.S. Dist. LEXIS 194274 (C.D. Cal. Aug. 15, 2016)...........................................................3

*Harrison v. Harry & David Operations, Inc.*, No. 1:18-cv-00410, 2022 U.S. Dist. LEXIS 178196 (D. Or. Sept. 29, 2022)...................................................3

*In re Heritage Bond Litig.*, No. 02-ML-1475, 2005 U.S. Dist. LEXIS 13555 (C.D. Cal. June 10, 2005) ..........................................................................................6

*In re Omnivision Techs.*, 559 F.Supp. 2d 1036 (N.D. Cal. 2007) ............................6

*Kacsuta v. Lenovo (United States) Inc.*, No. SACV 13-00316, 2014 U.S. Dist. LEXIS 174510 (C.D. Cal. Dec. 16, 2014) ..........................................................3

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ..............................................................................................2

*Nguyen v. Radient Pharms. Corp.*, No. SACV 11-00406, 2014 U.S. Dist. LEXIS 63312 (C.D. Cal. May 6, 2014)..................................................................5

*Rieckborn v. Velti, PLC*, No. 13-cv-03889, 2015 U.S. Dist. LEXIS 13542 (N.D. Cal. Feb. 3, 2015)....................................................................................................4

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ...............................4

*Wixon v. Wyndham Resort Dev. Corp.*, No. 3:07-cv-02361, 2011 U.S. Dist. LEXIS 87249 (N.D. Cal. Aug. 8, 2011) ..........................................................3

REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF MOTION FOR

Lead Plaintiff Timothy M. Weiss, on behalf of the Settlement Class, and Lead Counsel Kahn Swick & Foti, LLC, respectfully submit this reply memorandum in further support of (i) Plaintiffs' Motion for Final Approval of Class Action Settlement (the "Final Approval Motion"; ECF No. 107) and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses (the "Fee and Expense Motion"; ECF No. 108).

## I.    PRELIMINARY STATEMENT

The proposed Settlement resolves all claims against Defendants for $35 million in cash and stock. As detailed in Plaintiffs' opening papers (ECF Nos. 107-10), the Settlement is the product of hard-fought litigation and extensive arm's length negotiations and represents an outstanding recovery for the Settlement Class in light of the substantial challenges to establishing liability and damages, the uncertainties and risks of continued litigation, and Workhorse's precarious financial position, ongoing regulatory issues, and rapidly depleting insurance coverage. Further, the overwhelming support for the Settlement shows that it should be approved: with notices having been sent to over 850,000 Settlement Class Members, 24,567 Proofs of Claim have been submitted, and only 12 requests for exclusion and three objections have been received. The objections – which are addressed herein – lack merit and should be overruled.

In short, the pertinent factors strongly favor approval of the Settlement and of the Fee and Expense Motion.  For all of these reasons, the Settlement should be approved and Lead Counsel's request for an award of attorneys' fees of 25% of the Settlement Fund, valued at approximately $8.75 million, plus interest, in the same proportion of cash and stock as Settlement Class Members, reimbursement of reasonable litigation expenses in the amount of  $112,027.51, plus interest, and service awards of $5,000 to each of the Settlement Class Representatives, Lead Plaintiff Timothy M. Weis and Additional Plaintiff Angelo Federico ($10,000 total), should be approved.

## II.   THE OVERWHELMINGLY POSITIVE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE MOTIONS

At the time Plaintiffs filed the Final Approval Motion, no requests for exclusion had been received by the Claims Administrator, and no objections had been received by Lead Counsel. *See* ECF No. 110 at ¶ 12; ECF No. 109 at ¶ 69. To date, and now that the deadline for objecting or requesting exclusion from the Settlement Class has passed, a total of 851,153 potential Settlement Class Members were either mailed or emailed a Postcard Notice or Notice Packet. *See* Supplemental Declaration of Lance Cavallo, filed contemporaneously herewith ("Supp. Cavallo Decl.") at ¶ 2. The Claims Administrator has received 24,567 Proofs of Claim and only 12 requests for exclusion and three objections. *See id.* at ¶¶ 3, 6 & Ex. A; Supplemental Declaration of Kim E. Miller, filed contemporaneously herewith ("Supp. Miller Decl.") at ¶¶ 3-4 and Exs. A & B.

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (*cited in Brooks v. Life Care Ctrs.*, No. SACV 12-00659, 2015 U.S. Dist. LEXIS 196428, at *12 (C.D. Cal. Oct. 19, 2015) (Carney, J.)).  After having disseminated over 850,000 notices (*see* Supp. Cavallo Decl. at ¶ 2), and with a Settlement Class encompassing approximately 195.8 million damaged shares, just three objections and 12 requests for exclusion have been made. *See id.* at ¶ 6; Supp. Miller Decl. at ¶¶ 3-4; *see also* ECF No. 105-2 at 55. This overwhelmingly supports a finding that the Settlement is fair, reasonable, and adequate.  *See Conti v. Am. Honda Motor Co.*, No. CV 19-02160, 2022 U.S. Dist. LEXIS 1561, at *44 (C.D. Cal. Jan. 4, 2022) (Carney, J.) (in approving settlement, noting "only four class members have filed objections, which is relatively small"); *Brooks*, 2015 U.S. Dist. LEXIS 1965528, at *12 (three exclusions and two objections were "overwhelmingly positive" reaction; settlement

approved); *Kacsuta v. Lenovo (United States) Inc.*, No. SACV 13-00316, 2014 U.S. Dist. LEXIS 174510, at \*15 (C.D. Cal. Dec. 16, 2014) (Carney, J.) ("Because the reaction of the class to settlement has been almost entirely positive, with only two objections, this factor favors final approval."); *Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H, 2009 U.S. Dist. LEXIS 103035, at \*14 (S.D. Cal. Nov. 4, 2009) (recognizing that only two class members submitted objections to the plan of allocation in deciding to approve the plan of allocation).

## III.   THE OBJECTIONS SHOULD BE OVERRULED

### A.   Mr. Keenan Lacks Standing to Object

Because Mr. Keenan has requested to be excluded from the Settlement Class,[1] he lacks standing to object to the Settlement. *See Dynabursky v. AlliedBarton Sec. Servs., LP*, No. 1:22-cv-210, 2016 U.S. Dist. LEXIS 194274, at \*21 (C.D. Cal. Aug. 15, 2016) ("Sears appears to raise objections to the settlement in conjunction with his request for exclusion, but individuals who have excluded themselves from the class 'are not bound by the Settlement Agreement, and thus, do not have standing to object to the Settlement Agreement.'") (citing *Wixon v. Wyndham Resort Dev. Corp.*, No. 3:07-cv-02361, 2011 U.S. Dist. LEXIS 87249, at \*4 n.2 (N.D. Cal. Aug. 8, 2011)); *see also Harrison v. Harry & David Operations, Inc.*, No. 1:18-cv-00410, 2022 U.S. Dist. LEXIS 178196, at \*7 (D. Or. Sept. 29, 2022) ("[B]ecause Mr. Crouse excluded himself from the settlement, he lacks standing to object to the settlement.").

### B.   The Objections Lack Merit

Mr. Keenan's objection to the Settlement is the following: "Like all other such class actions it is designed to make millions for the lawyers and a pittance for the share holders." Supp. Cavallaro Decl., Ex. A at 29.  Similarly, Craig Call and Patricia Call:

---

[1] *See* Supp. Cavallaro Decl., Ex. A at 28 ("I request exclusion from Settlement Class…").

> object to this settlement because we will receive NO compensation due to the terms of this settlement. We object to this settlement because it is set up to only benefit the attorneys and the shareholders holding a very large number of shares. This large payout will increase the probability of bankruptcy for the company who is trying to survive.

Supp. Miller Decl., Ex. A at 3; *see also id.*, Ex. B at 3 (identical objection by Patricia Call).

Such general objections have been rejected where, as here, the Settlement is fair, adequate, and reasonable. For example, in *Conagra Foods v. Conagra Foods*, an objector complained about an attorney fee award, but this Court overruled the objection, stating that while it "appreciates Objector's high-level concerns regarding an apparent trend toward class action settlements disproportionately benefitting attorneys, the Court is not persuaded that this Settlement Agreement is unfair, inadequate, or unreasonable." No. CV 11-05379, 2019 U.S. Dist. LEXIS 238325, at *23 (C.D. Cal. Oct. 8, 2019) (Carney, J.). This Court further noted that – like here – the case had serious weaknesses with respect to liability and damages, the benefits achieved for the class were "substantial," and the amount of attorneys' fees awarded corresponded to the "impressive result achieved given the weakness of Plaintiffs' case." *Id.* at *24-25. *See also Brook*s, 2015 US. Dist. LEXIS 196428, at *25 (overruling objections where "[i]n sum, none of the Objectors' objections [including that counsel's fee request was too large] call into question the fairness of the Settlement Agreement and show that it is 'the product of fraud or overreaching by, or collusion between, the negotiating parties'") (citing *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)); *Rieckborn v. Velti, PLC*, No. 13-cv-03889, 2015 U.S. Dist. LEXIS 13542, at *27-28 (N.D. Cal. Feb. 3, 2015) (overruling objection to settlement as "mere tokenism" where it did "not undermine the fairness, reasonableness, or adequacy of the settlement").

The Calls' complaints that they will not receive any compensation under the Settlement and that the Settlement favors large shareholders are objections to the

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL 2:21-cv-02072-CJC-PVC

Plan of Allocation. Plans of allocation are evaluated under the same framework as settlements as a whole: the plan of allocation must be fair, reasonable, and adequate. *See Nguyen v. Radient Pharms. Corp.*, No. SACV 11-00406, 2014 U.S. Dist. LEXIS 63312, at \*12 (C.D. Cal. May 6, 2014) (citation omitted). "An allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent counsel." *Id.* at \*12-13 (C.D. Cal. May 6, 2014) (citation omitted).

As set forth in Plaintiffs' opening brief, the Plan of Allocation was developed by Lead Counsel with the assistance of Plaintiffs' economic expert based on Plaintiffs' damages theory. *See* ECF No. 107 at 21. Under the Plan of Allocation, a "Recognized Loss Amount" will be calculated for each share of Workhorse common stock purchased or otherwise acquired during the Class Period. *See* ECF No. 109 (Declaration of Kim E. Miller in Support of Final Approval) at ¶ 74. The calculation of the Claimants' Recognized Loss Amounts will depend upon several facts, including when the shares of Workhorse common stock were purchased or otherwise acquired during the Class Period, and in what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts. *Id.*[2] As further explained in the Plan of Allocation, a Claimant's "Recognized Claim" will be determined by totaling the Claimant's Recognized Loss Amounts. *Id.* at ¶ 81. The Net Settlement Fund will then be allocated on a *pro rata* basis to Settlement Class

---

[2] To this end, the Calls' assertion that they would "receive NO compensation" under the Plan of Allocation (Supp. Miller Decl., Exs. A & B, at 3) appears to be incorrect. The Calls purportedly purchased 135 shares of Workhorse stock within the Class Period on September 2, 2020, and Patricia Call purportedly purchased 100 shares of Workhorse stock on December 2, 2020. *See id.* Because they held these shares through August 6, 2021, ¶ 6.iv. of the Plan of Allocation dictates that "the Recognized Loss Amount for each share is *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition…or (ii) the purchase/acquisition price minus $12.08, the average closing price of Workhorse common stock between May 10, 2021 and August 6, 2021…." ECF No. 109 at ¶ 78 (emphasis added). While the Calls did not provide the cost basis of their shares, the daily trading highs and lows for the dates of their purchases are such that, applying ¶ 6.iv, their Recognized Losses will likely amount to approximately $1,250 to $1,700 for those 235 shares.

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL 2:21-cv-02072-CJC-PVC

Members based on each Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants. *Id.*

Because the Plan of Allocation is reasonable and will result in a fair distribution of the available proceeds among Settlement Members who submit valid claims, the Calls' objection to it should be overruled. *See* ECF No. 107 at 21 ("Courts have concluded that '[i]t is reasonable to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits.'" (citing *In re Omnivision Techs.*, 559 F.Supp. 2d 1036, 1045 (N.D. Cal. 2007); *In re Heritage Bond Litig.*, No. 02-ML-1475, 2005 U.S. Dist. LEXIS 13555, at *38 (C.D. Cal. June 10, 2005) (concluding as fair, a plan of allocation which "'makes interclass distinctions based upon, *inter alia*, the relative strengths and weaknesses of class members' individual claims and the timing of purchases of the securities at issue'")).

## IV.    CONCLUSION

As set forth above and in Lead Plaintiff's opening papers, the Settlement is fair, reasonable, and adequate. Accordingly, Lead Plaintiff and Lead Counsel respectfully requests that this Court grant final approval of the Settlement, award Lead Counsel attorneys' fees in the amount of 25% of the Settlement Fund, valued at approximately $8.75 million, plus interest, in the same proportion of cash and stock as Settlement Class Members, award Lead Counsel its reasonable litigation expenses in the amount of  $112,027.51, plus interest, and grant service awards of $5,000 to each of the Settlement Class Representatives, Lead Plaintiff Timothy M. Weis and Additional Plaintiff Angelo Federico ($10,000 total).

DATED: July 17, 2023

**KAHN SWICK & FOTI, LLC**

By: */s/ Kim E. Miller*

Kim E. Miller (SBN 178370)
kim.miller@ksfcounsel.com
250 Park Avenue, 7th Floor-
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

*Counsel for Lead Plaintiff Timothy M. Weis, Additional Plaintiff Angelo Federico, and the Settlement Class*

## LOCAL RULE 11-6.1 CERTIFICATION

The undersigned, counsel of record for Lead Plaintiff Timothy M. Weis, Additional Plaintiff Angelo Federico, and the Settlement Class, certifies that this brief contains 2,003 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Kim E. Miller*
Kim E. Miller

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 17, 2023, I authorized the electronic filing of the foregoing Notice of Motion and Motion for Preliminary Approval of Settlement with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to the e-mail addresses on the attached Electronic Mail Notice List.

*/s/ Kim E. Miller*
Kim E. Miller

7

REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF MOTION FOR
FINAL APPROVAL 2:21-cv-02072-CJC-PVC