NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM FARRAR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WORKHORSE GROUP, INC., DUANE HUGHES, STEVE SCHRADER, ROBERT WILLISON, and GREGORY ACKERSON <br><br> Defendants. | Case No. 2:21-cv-02072-CJC-PVC <br><br> <u>CLASS ACTION</u> <br><br> **<u>FINAL JUDGMENT</u>** |

This matter came before the Court for hearing on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement dated January 13, 2023. Due and adequate notice having been given of the Settlement, and the Court having previously certified the Settlement Class, and having considered all papers filed and proceedings held herein, and good cause appearing,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED**:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement is, in all respects, fair, reasonable, adequate to, and in the best interests of the Plaintiffs, the Releasing Plaintiffs' Parties, and each of the Settlement Class Members. This Court further finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Releasing Plaintiffs' Parties, the Settlement Class Members, and Defendants. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the Stipulation.

4. The Action and all claims contained therein, as well as all the Released Claims, are dismissed with prejudice as against each and all of the Defendants. Plaintiffs, the Releasing Plaintiffs' Parties, and the Settlement Class will not make applications against any of Released Defendants' Parties, and Defendants will not make applications against the Plaintiffs or the Releasing Plaintiffs' Parties for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the

institution, prosecution, or defense of this Action.

5. Upon the Effective Date, Plaintiffs, the Releasing Plaintiffs' Parties, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) as against the Released Defendants' Parties, individually or in concert, whether or not such Settlement Class Member executes and delivers a Claim Form or participates in the Settlement Fund.

6. Upon the Effective Date, all Releasing Plaintiffs' Parties and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) asserting any of the Released Claims against any of the Released Defendants' Parties.

7. Upon the Effective Date, each of the Released Defendants' Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, the Releasing Plaintiffs' Parties, each and all of the Settlement Class Members, and Lead Counsel from the Released Defendants' Claims, except for those claims brought to enforce the Settlement or the Stipulation.

8. The Court hereby finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action, mailing of Postcard Notice, and emailing and publication of the Summary Notice as provided for in the Preliminarily Approval Order, as previously ordered at ¶ 7 of the Order Preliminarily Approving Settlement Providing for Notice of Pendency, constituted the best notice practicable under the circumstances – including individual notice to all Settlement Class Members who

could be identified through reasonable effort – of those proceedings and of the matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all Settlement Class Members are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

9. Neither any objection to this Court's approval of the Plan of Allocation submitted by Lead Counsel nor to any portion of this order regarding the Attorneys' Fee and Expense Application shall in any way disturb or affect the finality of this Judgment.

10. Neither the Stipulation, nor the Settlement, nor any of their terms or provisions, nor any act performed or document executed pursuant to or in furtherance of them, nor any of the negotiations or proceedings connected with them: (a) is or may be deemed to be or may be used as an admission of, concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Action, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of any Released Defendants' Parties; (b) is or may be deemed to be or may be used as an admission, concession or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved

or made by, any of the Released Defendants' Parties in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body; or (c) is or may be deemed to be evidence of or an admission that Plaintiffs or any Settlement Class Members have suffered any damages, harm, or loss. Any of the Released Defendants' Parties may file the Stipulation and/or the Judgment in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) disposition of the Settlement Fund; and (c) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation and this Judgment.

12. After completion of the processing of all claims by the Claims Administrator, the Escrow Agent shall disburse the Net Settlement Fund in accordance with the Stipulation and Plan of Allocation without further order of this Court.

13. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Settlement Class Members advising them: (a) that Lead Counsel would seek an award of attorneys' fees up to twenty-five percent (25%) of the value of the Settlement Fund, and reimbursement of expenses incurred in connection with the prosecution of the Action not to exceed $130,000, (b) Lead Plaintiff and Additional Plaintiff would seek compensatory awards not to exceed $10,000; and (c) that Settlement Class Members had a right to object to such application(s). A full and fair opportunity was given to all Persons who are Settlement Class Members to

be heard with respect to the application for the award of attorneys' fees and expenses. The Court awards attorney fees of $8,490,743.12 (in the same proportion of Settlement Cash and Settlement Stock received by Settlement Class Members), calculated by applying the 25% percent benchmark rate to the amount yielded by subtracting litigation costs and the maximum estimated settlement administration costs from the Gross Settlement Fund, and finds and concludes that this fee award is reasonable, and the Court also awards reimbursement of litigation expenses in the amount of $112,027.51, both to be paid from the Settlement Fund pursuant to the Stipulation, upon entry of this Order, and awards Lead Plaintiff a compensatory award of $5,000 and Additional Plaintiff a compensatory award of $5,000, to be paid after the Effective Date.

14.   Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Settlement Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Settlement Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Pendency and Proposed Settlement of Class Action sent to Settlement Class Members, provides a fair and reasonable basis upon which to allocate among Settlement Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

15.   This Action is hereby dismissed in its entirety with prejudice as to all Defendants.

16.   All agreements made and orders entered during the course of the Action

relating to the confidentiality of information shall survive this Order, pursuant to their terms.

17. In the event that the Settlement does not become Final in accordance with the Stipulation, or the Effective Date does not occur, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation, and this litigation shall revert to the state at which it existed immediately before the Term Sheet was executed on October 26, 2022.

18. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: July 28, 2023

By: _____
The Honorable Cormac J. Carney
United States District Court

# EXHIBIT 1

| Excluded Settlement Class Members: |
|---|
| Luis A. Torres |
| Christopher Knox |
| Jonathan D. Sato |
| Jacqueline M. Gardes |
| Philip Theakson |
| Gary M. Keenan |
| Brittani Froug |
| Gary Tiffany |
| Karma Lewis Trust |
| Gary Tiffany TTEE |
| Debra W. Tiffany |
| Richard L. Jackson |