# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM FARRAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>    v.<br><br>WORKHORSE GROUP, INC., DUANE HUGHES, STEVE SCHRADER, ROBERT WILLISON, and GREGORY ACKERSON<br><br>Defendants. | Case No. 2:21-cv-02072-CJC-PVC<br><br>**ORDER APPROVING DISTRIBUTION PLAN**<br><br>JUDGE: Hon. Cormac J. Carney<br>DATE: February 26, 2024 TIME: 1:30 p.m.<br>CTRM: 9B |

Lead Plaintiff Timothy M. Weis ("Plaintiff") moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned securities class action ("Action"). Having reviewed and considered all the materials and arguments submitted in support of the Motion, including the supporting Memorandum of Points and Authorities and the Declaration of Lance Cavallo in Support of Lead Plaintiff's Motion for Approval of Distribution Plan (the "Cavallo Declaration") submitted on behalf of the Court-approved Claims Administrator Kurtzman Carson Consultants LLC ("KCC" or "Claims Administrator").

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement dated as of January 13, 2023 (ECF No. 105-2) ("Stipulation"), the Notice of Pendency and Proposed Settlement ("Notice"), and the Cavallo Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulation, Notice, and the Cavallo Declaration.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.      Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a)      The administrative determinations of the Court-approved Claims Administrator, KCC, to accept the Timely Eligible Claims set forth in Exhibit B-1 to the Cavallo Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit B-2 to the Cavallo Declaration are adopted.

(b)      The Claims Administrator's administrative determinations to reject the Rejected Claims, as set forth in Exhibit B-3 to the Cavallo Declaration, including the Disputed Claim

1

discussed in ¶ 23 of the Cavallo Declaration and Exhibit C to the Cavallo Declaration, are adopted.

(c)    KCC is directed to conduct the Initial Distribution of the Net Settlement Fund after deducting all payments previously allowed, payments approved by this Order, and any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a 10% reserve from the Net Settlement Fund to address any tax liability or claims administration-related contingencies that may arise. Specifically, as set forth in ¶ 37(a)(i)-(vi) of the Cavallo Declaration:

(1)    KCC will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants;

(2)    KCC will eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share of the Net Settlement Fund calculates to less than $20.00. These Claimants will not receive any payment from the Net Settlement Fund and will be so notified by KCC;

(3)    After eliminating Claimants who would have received less than $20.00, KCC will then recalculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who

2

ORDER APPROVING DISTRIBUTION PLAN Case No.
2:21-CV-02072-CJC-PVC

would have received $20.00 or more pursuant to the calculations described in subparagraph (a)(1) above. An Authorized Claimant's *pro rata* share of the Net Settlement Fund (as recalculated in the previous sentence) is the Authorized Claimant's "Distribution Amount";

(4) Authorized Claimants whose Distribution Amount calculates to less than $200.00 will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full"). These Authorized Claimants will receive no additional funds in subsequent distributions; and

(5) 90% of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $200.00 or more. The remaining 10% of the Net Settlement Fund will be held in the Reserve to address any tax liability or claims administration-related contingencies that may arise following the Initial Distribution. To the extent the Reserve is not depleted, the remainder will be distributed in the Second Distribution described in subparagraph (f) below.

(d) To encourage Authorized Claimants to cash their checks promptly, Plaintiff proposes that all distribution checks bear the notation, "CASH PROMPTLY. VOID AND

3

ORDER APPROVING DISTRIBUTION PLAN Case No. 2:21-CV-02072-CJC-PVC

SUBJECT TO REDISTRIBUTION IF NOT CASHED 90 DAYS AFTER ISSUE DATE." Lead Counsel and KCC are authorized to take appropriate action to locate and contact Authorized Claimants who have not cashed their checks within said time as detailed in ¶ 37(b) of the Cavallo Declaration.

(e) Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions set forth in ¶ 37(b) of the Cavallo Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available to be distributed to other Authorized Claimants in the Second Distribution. Similarly, Authorized Claimants who do not cash their distribution checks in the Second Distribution or subsequent distributions, should such distributions occur, within the time allotted or on the conditions set forth in paragraph ¶ 37(b) of the Cavallo Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund.

(f) After KCC has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks (as provided in ¶ 37(b) of the Cavallo Declaration), but not earlier than six (6) months after the Initial Distribution, KCC will, after consulting with Lead Counsel, conduct the Second Distribution, in which any amount remaining in the Net Settlement Fund, after

4

ORDER APPROVING DISTRIBUTION PLAN Case No. 2:21-CV-02072-CJC-PVC

deducting any unpaid fees and expenses incurred, will be distributed to all Authorized Claimants (other than Claims Paid in Full) who cashed their Initial Distribution check and are entitled to receive at least $20.00 from the Second Distribution based on their *pro rata* shares of the funds remaining in the Net Settlement Fund. If any funds remain in the Net Settlement Fund after the Second Distribution, and if cost-effective, subsequent distributions will take place at six-month intervals.

(g)    When Lead Counsel, in consultation with KCC, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Post-Distribution and Late-Adjusted Claims, KCC will process those Claims. Any of these Claims that are otherwise valid, as well as any earlier received Claims for which an upward adjustment was received after January 12, 2024, may be paid in accordance with subparagraph (h) below. If any funds remain in the Net Settlement Fund after payment of these Claims and unpaid fees or expenses, the remaining funds will be contributed to the Investor Protection Trust ("IPT").

(h)    No new Claims received after January 12, 2024 may be accepted, and no further adjustments to Claims received on or before January 12, 2024, that would result in an increased Recognized Claim may be made for any reason,

5    ORDER APPROVING DISTRIBUTION PLAN Case No. 2:21-CV-02072-CJC-PVC

subject to the following exception. If Claims are received after January 12, 2024 or adjusted after January 12, 2024, that would have been eligible for payment or additional payment under the Plan of Allocation if timely received, then, at the time that Lead Counsel, in consultation with KCC, determines that further distribution is not cost-effective as provided in subparagraph (e) above, and after deducting any additional fees and expenses incurred in connection with administering the Settlement (to the extent KCC's fees do not exceed $925,000, in total) and after deducting any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, such Claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a pro rata basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible.

4.    The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any

ORDER APPROVING DISTRIBUTION PLAN Case No.
2:21-CV-02072-CJC-PVC

further claims against the Net Settlement Fund, Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

5.      All of KCC's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Initial Distribution of the Net Settlement Fund are approved, and Lead Counsel is directed to pay the outstanding balance of $4,171.51 out of the Settlement Fund to KCC.

6.      Unless otherwise ordered by the Court, KCC will dispose of the paper copies of Claims and all supporting documentation one (1) year after all funds have been distributed and will dispose of electronic copies of the same three (3) years after all funds have been distributed.

7.      This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

**IT IS SO ORDERED.**

Dated: February 7, 2024

By: _____
The Honorable Cormac J. Carney
United States District Court

**CC: FISCAL**

7      ORDER APPROVING DISTRIBUTION PLAN Case No.
2:21-CV-02072-CJC-PVC